UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alexie Portz,
Jill Kedrowski,
Abigail Kantor,
Marilia Roque Diversi,
Fernanda Quintino dos Santos,
Maria Hauer,
Haley Bock,
Kaitlyn Babich,
Anna Lindell, and
Kiersten Rohde,
individually and on behalf of all those similarly situated,

Plaintiffs,

vs.

St. Cloud State University and
Minnesota State Colleges and Universities,

Defendants.

**Civil Action No.: 16-CV-01115 JRT/LIB**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' RULE 68 OFFER OF JUDGMENT**

## INTRODUCTION

This is a putative class action arising under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. ("Title IX"). On January 19, 2017, Defendants St. Cloud State University ("SCSU") and Minnesota State Colleges and Universities ("MNSCU")[1] (collectively, "Defendants") served Plaintiffs, as putative class representatives, with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of

[1] Defendant SCSU is a member of Defendant MNSCU. [Prelim. Injunction Order, Docket No. 38 ("Prelim. Injunction Order"), 3.]

Civil Procedure (the "Offer of Judgment"). (Offer of Judgment, attached to the Decl. of A. James in Support of Motion to Strike, dated March 16, 2017 ("James Decl."), as Ex. 1.) It offers Plaintiffs, in their capacity as putative class representatives, money and equitable relief in exchange for a full and final settlement of claims, including the pending class claims.

Because the Offer of Judgment is made before a class certification motion could be brought under the Scheduling Order, and because it offers no relief directed to the class claims or potential class members yet purports to settle those class claims, it creates an impermissible conflict between Plaintiffs' individual interests and their responsibilities as putative class representatives. This conflict is contrary to the spirit of Rules 23 and 68, and therefore the Offer of Judgment should be stricken and declared of no effect.

## BRIEF FACTS AND PROCEDURAL POSTURE

For decades, SCSU has discriminated against its female students in offering athletic participation opportunities. Over the past twelve years, despite a nearly equal ratio of males to females in the undergraduate student body, SCSU has offered males anywhere from 116 to 179 more participants per year. [Prelim. Injunction Order, 4.] Plaintiffs allege that as of March 2, 2016, Defendants did not comply with Title IX under any of the three prongs set forth in the 1979 Policy Interpretation, 44 Fed. Reg. 71413, 71423 (1979). [Verif. Class Action Compl., Docket No. 1 ("Compl."), at ¶ 67.] Contrary to Defendants' claim in this lawsuit that SCSU was compliant under Prong III before March 2, 2016, Heather Weems, SCSU's Athletic Director, has testified there were concerns about Title IX compliance at SCSU, and both Weems and SCSU's Title IX

Coordinator, Dr. Ellyn Bartges, previously acknowledged that SCSU did not comply with Title IX under any of the three prongs. (Tr. of the Dep. of Heather Weems, dated Nov. 30, 2016 ("Weems Dep."), attached to James Decl. as Ex. 2, at 126:5-127:3, 251:12-253:13, 270:19-271:1, and Exs. 18 and 19.)

On March 2, 2016, SCSU publicly announced its intent to eliminate its varsity intercollegiate women's tennis and Nordic skiing teams, as well as its varsity intercollegiate men's tennis team and its men's running program (consisting of men's cross-country, men's indoor track, and men's outdoor track). [Prelim. Injunction Order, 7.] The "athletic reorganization plan" also increased the number of participants on most of its remaining women's sports teams, and reduced the number of participants on most of its remaining men's sports teams. [*Id.* 4.] Although Defendants contend their athletic reorganization plan will result in numerical compliance with Title IX under Prong I, Plaintiffs argue the athletic reorganization plan itself is discriminatory because, among other reasons, it proposes to eliminate women's sports teams before achieving Title IX compliance and because it is premised on counting non-genuine athletic participation opportunities. [*Id.* 22-23; Am. Verif. Class Action Compl., Docket No. 57 ("Am. Compl."), ¶ 51.]

On April 28, 2016, five female students enrolled at SCSU and members of SCSU's varsity intercollegiate women's tennis team filed a Verified Class Action Complaint averring that Defendants' athletic reorganization plan violated Title IX. [Compl.] Subsequently, an Amended Complaint was filed, adding to the lawsuit as plaintiffs five female SCSU students who are members of its varsity intercollegiate women's Nordic

skiing team. [Am. Compl.] Plaintiffs—consisting of those ten SCSU female student-athletes—sought to represent a class of similarly situated females, namely, "SCSU's current, prospective, and future female students who want to participate in varsity women's tennis at SCSU or who want to participate in varsity sports not offered or eliminated by SCSU." [*Id.* ¶ 22.] Plaintiffs sought class certification relating to both Count I of their Complaint—alleging that SCSU provided a proportionally greater opportunity for male students to participate in varsity intercollegiate athletics than it provided to female students, in violation of Title IX—and Count II—alleging that SCSU's failure to provide female and male student athletes with the same benefits and opportunities was discrimination against the female students, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. [*Id.* ¶¶ 21-33.]

Plaintiffs have obtained a preliminary injunction enjoining SCSU from, until further order and among other things, eliminating its varsity women's tennis or Nordic skiing teams, or reducing its support for those teams. [Prelim. Injunction Order, 27; Order Amending Prelim. Injunction, Docket No. 43, 2.]

On October 4, 2016, this Court issued its Pretrial Scheduling Order. [Docket No. 59.] The Pretrial Scheduling Order does not set a specific deadline for bringing a motion for class certification, but states that all dispositive motions must be brought on or before May 15, 2017, and that "[t]he parties should attempt to schedule dispositive motions *after all discovery has been completed* and to schedule all dispositive motions for the same

hearing…." [*Id.* ¶ X and n.6.] [Emphasis added.] A motion for class certification is a dispositive motion in this district. L.R. 7.1(c)(6)(C).

On January 19, 2017, nearly four months before the filing deadline for Plaintiffs' class certification motion, Defendants served Plaintiffs with an Offer of Judgment. (Offer of Judgment, James Decl., Ex. 1.) The Offer of Judgment was specifically directed to Plaintiffs "as putative class representatives" and "is conditioned on acceptance by all Plaintiffs and is made to fully and finally resolve all claims made or that could have been made against them in this action." (*Id.* ¶¶ 1, 4.) Because the claims made include class claims, if the Offer of Judgment were accepted, it would resolve all putative class claims. The Offer of Judgment included an agreement not to eliminate the SCSU varsity women's ski and Nordic skiing teams through 2020, but did not add other athletic participation opportunities for other SCSU female students. (*Id.* ¶ 1.) The Offer of Judgment offered individual payments to the putative class representatives and additional funding for the women's tennis and Nordic skiing teams, to be used in SCSU's sole discretion, as well as an agreement to pay reasonable costs and attorneys' fees accrued in this matter. (*Id.* ¶¶ 1-3.)

The parties met and conferred regarding the motion to strike via email, as well as in person. As part of that meet and confer, Plaintiffs set forth in writing the basis for the motion to strike. (Email chain, dated Feb. 27-Mar. 8, 2017, attached to James Decl. as Ex. 3, at 3.) The parties' counsel exchanged several emails on March 8 addressing the legal merits of Plaintiffs' position, culminating in an email from Plaintiffs' counsel explaining that the two cases cited by Defendants were not analogous (in one case the

offer of judgment mooted the lawsuit, in the other case the court granted a motion to dismiss for lack of subject matter jurisdiction, and in neither case did the court decide the motion to strike on its merits because of those results), and citing additional supporting case law. Defendants responded merely that they would oppose the motion to strike. (Email, dated March 14, 2017, attached to James Decl. as Ex. 4.)

## ARGUMENT

Defendants' Offer of Judgment is a transparent attempt to pay off the putative class representatives and to settle the pending class claims before a motion for class certification can be filed. Although the Offer of Judgment provides time-limited protection for SCSU's women's tennis and Nordic skiing teams, and payments to Plaintiffs and extra funding for their teams, it does nothing to cure the discrimination experienced annually by more than 100 SCSU female students. The Offer of Judgment pits Plaintiffs' responsibilities as class representatives against their individual interests as litigants, with the risk of cost-shifting hanging in the balance. This conflict of interest is not intended under Rules 23 and 68; therefore, this Court should strike the Offer of Judgment.

### I. THE OFFER OF JUDGMENT SHOULD BE STRICKEN AND DECLARED OF NO EFFECT.

The Federal Rules of Civil Procedure were designed to be interdependent and should be harmonized whenever possible. *Smith v. NCO Fin. Sys.*, 257 F.R.D. 429, 431 (E.D. Pa. 2009) (*citing Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004)). Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an

insufficient defense or any "redundant, immaterial, impertinent, or scandalous matter." District courts are given broad discretion in deciding whether to grant a motion to strike. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Although the plain language of Rule 68 does not speak to class action cases, the Eighth Circuit Court of Appeals and courts in this District have reasoned that allowing class action defendants to "pick off" plaintiffs with settlement offers prior to obtaining an affirmative ruling on class certification "obviously would frustrate the objectives of class actions and would invite waste of judicial resources." *Jancik v. Calvay Portfolio Services, LLC*, 2007 U.S. Dist. LEXIS 49500, at *3 (D. Minn. 2007) (*quoting Potter v. Norwest Mortgage, Inc.*, 329 N.3d 608, 611 (8th Cir. 2003)). As this Court noted in *Jancik*, "allowing a defendant to buy its way out of class litigation merely by making a Rule 68 offer prior to a plaintiff's filing a motion for class certification would set a bad precedent that would… 'encourage a "race to pay off" named plaintiffs very early in the litigation, before they file motions for class certification.'" *Id.* at *7 (*quoting Liles v. Am. Corrective Counseling Serv., Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001) (footnote omitted)). As a result, courts in this district, and in other districts, have struck Rule 68 offers of judgment tendered in class actions before class certification has been decided. *See Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330 (D. Minn. 2011); *Schroefer v. First Nat'l Collection Bureau, Inc.*, No. 10-4238 (RHK/FLN) (D. Minn. May 12, 2011) (unpublished); *Lamberson v. Fin. Cr. Servs., LLC*, No. 11-98 (RHK/JJG), 2011 U.S. Dist.

LEXIS 56614 (D. Minn. Apr. 13, 2011), *Report and Recommendation Adopted*, 2011 U.S. Dist. LEXIS 56027 (D. Minn. May 23, 2011).[2]

In *Johnson v. U.S. Bank Nat'l Ass'n*, this Court explained that when a class-action complaint is filed, from the moment the class action is commenced, the putative class representatives "take[] on a special role with duties not typically borne by the ordinary plaintiff who is merely pursuing his own claim." 276 F.R.D. at 332 (*citing Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110-11 (5th Cir. 1978)). The district court, too, is required to act as the guardian of the rights of class members, even if no class has yet been certified. *Id.* (*citing Schultzen v. Woodbury Cent. Cmty. Sch. Dist.*, 217 F.R.D. 469, 470 (N.D. Iowa 2003) (*quoting Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001))). As a result of the putative class representatives' special obligations, they "forgo[] some ability to dispose of [their] individual claim[s] that an ordinary litigant enjoys." *Id.* The representatives' duty to vigorously pursue relief for the class makes favorable settlement of their individual claims the source of a potential conflict of interest. *Id.*

Frequently, if plaintiffs in a putative class action take the pay-off and accept an offer of judgment, "a federal court would normally dismiss the action as moot because the case-or-controversy requirement is no longer met and the interests of the class will thus be abandoned." *Id.* at 333 (*citing Potter*, 329 F.3d at 611). As a result, courts

2 *See also Smith v. NCO Fin. Sys., Inc.*, 257 F.R.D. 429, 434 (E.D. Pa. 2009) (striking Defendant's Rule 68 offer of judgment); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 387 (S.D. Ohio 2008) (same); *Wang v. Chinese Daily News, Inc.*, No. 04-1498, 2006 U.S. Dist. LEXIS 98373 (C.D. Cal. 2006) (same); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 403 (E.D. Pa. 2006) (same).

carefully scrutinize pre-certification settlements of representative plaintiffs' claims to ensure no conflict exists with the interests of the putative class. *Id.*

Defendants' Offer of Judgment, by its terms, "fully and finally resolve[s] all claims made or that could have been made against them in this action," including all class claims. (Offer of Judgment, James Decl. Ex. 1, ¶ 4.) The Offer of Judgment is explicitly directed to the Plaintiffs "as putative class representatives." (*Id.* ¶ 1.) It is "conditioned on acceptance by all Plaintiffs and is made to fully and finally resolve all claims made or that could have been made against [Defendants] in this action." (*Id.* ¶ 4.) Per the Scheduling Order, Plaintiffs cannot file their motion for class certification motion until after the close of discovery on March 17, 2017. [Docket No. 59, ¶ X and n.6.] In other words, Defendants seek to use the Offer of Judgment as a preemptive tool to force the putative class representatives to settle their claims against Defendants before class certification can be obtained, and fully and finally settle the class claims as part of the settlement. The Offer of Judgment pits the individual Plaintiffs' own interests against those of the class they seek to represent, and incentivizes Plaintiffs not to pursue the class claims. *See NCO*, 257 F.R.D. at 434.

In *Johnson*, this Court recognized these types of Rule 68 offers exert pressure on putative class representatives to "seriously consider the prospects for his class certification motion," and concluded "[t]his…is not the sort of pressure that Rule 68 was intended to exert." *Johnson*, 276 F.R.D. at 334. Rather, "[t]he purpose of Rule 68 is to 'prompt both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of trial *on the merits*.'" *Id.* at 335 (*quoting Marek v. Chesny*,

473 U.S. 1, 5, 105 S. Ct. 3012 (1985)) (italics in original). In other words, because "Rule 68 was not meant to test the strength of a plaintiff's motion for class certification," offers of judgment are intended to force a litigant to weigh the merits of the putative class claim, not the likelihood of success on a class certification motion. *Id.* (*citing Smith*, 257 F.R.D. at 434).

This Court also addressed the risk assumed by a putative class representative faced with a premature Rule 68 offer. Such a plaintiff is compelled to "weigh [his] own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class." *Id.* (*quoting Zeigenfuse*, 239 F.R.D. at 402). This Court concluded, "[t]he putative class representative should not have to shoulder this ongoing conflict between his duties to vigorously pursue class certification and otherwise protect the interests of the class while running the risk that Defendant's costs will be shifted back to him." *Id.*

Defendants' Offer of Judgment similarly places the putative class representatives—ten college students—in the unenviable position of weighing their obligation to future class members to vigorously pursue class claims against the risk of cost-shifting if they do not accept the pay-off. The Offer of Judgment creates an irreconcilable conflict between the class representatives and the class. It also undercuts the Court's class action approval authority in Rule 23. *See Weiss*, 385 F.3d 344-45 (finding pre-certification Rule 68 offer may "undercut the viability of the class action procedure").

This Court reached a similar result in *Schroeder v. First Nat'l Collection Bureau, Inc.*, Civil No. 10-4238 (RHK/FLN), 2011 U.S. Dist. LEXIS 75054 (D. Minn. May 12,

2011). In *Schroeder*, the Defendant's offer of judgment, if accepted, would have resolved both the individual and class claims, and therefore Plaintiff could have no longer served as a class representative and seek class certification. *Id.* *2. Granting Plaintiff's motion to strike, this Court found the Rule 68 offer "to be the type of offer that other courts have found to be impermissible attempts to 'pick off' a named Plaintiff prior to a ruling on class certification." *Id.* (*citing Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339, 100 S. Ct. 1166 (1980); *Potter*, 329 F.3d at 612-13; *Jancik*, 2007 U.S. Dist. LEXIS 49500 at *3).[3]

Likewise, here, Defendants' Offer of Judgment should be stricken and declared of no effect. Defendants' attempt to pick-off every class representative and use the potential punitive weight of a valid Rule 68 offer to leverage acceptance of a settlement that does not benefit the class should not be countenanced.

---

[3] In the course of meeting and conferring on this motion, Defendants cited two distinguishable cases. (James Decl., Ex. 3, at 2.) In the first, *Johnson v. Midwest ATM, Inc.*, 881 F. Supp. 2d 1071 (D. Minn. 2012), the court denied a motion to strike because it declared the lawsuit moot as a result of defendants' Rule 68 offer. That case involved individual and class claims under the Electronic Funds Transfer Act, which sets a maximum individual and class-wide recoveries. *Id.* at 1073-74. Defendants served an offer of judgment which "offered the exact relief requested in the amended complaint." *Id.* at 1074. In contrast, Title IX does not cap recoveries, Defendants have not offered the exact relief requested in Plaintiffs' Amended Complaint, and the Offer of Judgment has not mooted the lawsuit. In the second case, *Jones v. CBE Group, Inc.*, 215 F.R.D. 558 (D. Minn. 2003), the court granted a motion to dismiss on the pleadings for lack of subject matter jurisdiction, denying a motion for class certification and enforcing an offer of judgment. No motion to strike was filed in *Jones*, and no motion to dismiss on the pleadings was filed in this case. Neither case is applicable.

## CONCLUSION

Defendants' Rule 68 Offer of Judgment is an impermissible attempt to drive a wedge between the putative class representatives and the class, forcing the named-Plaintiffs to balance their individual interests and the risk of cost-shifting against their obligations to the putative class members to vigorously pursue the class claims. Because the Rule 68 Offer creates a conflict of interest between Plaintiffs' individual interests and their interests as class representatives, this Court should grant Plaintiffs' Motion to Strike and should declare the Rule 68 Offer of Judgment, dated January 23, 2017, to be of no effect.

Respectfully submitted,

Dated: March 16, 2017

By: s/ Sharon L. Van Dyck

Sharon L. Van Dyck (#0183799)
Donald Chance Mark, Jr. (#0067659)
Andrew T. James (#0390982)
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Telephone: (952) 995-9500
sharon.vandyck@fmjlaw.com
donald.mark@fmjlaw.com
andrew.james@fmjlaw.com

**Attorneys for Plaintiffs**