UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXIE PORTZ, JILL KEDROWSKI, ABIGAIL KANTOR, MARILIA ROQUE DIVERSI, FERNANDA QUINTINO DOS SANTOS, MARIA HAUER, HALEY BOCK, KAITLYN BABICH, ANNA LINDELL, and KIERSTEN ROHDE, *individually and on behalf of all those similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> ST. CLOUD STATE UNIVERSITY and MINNESOTA STATE COLLEGES AND UNIVERSITIES, <br><br> Defendants. | Civil No. 16-1115 (JRT/LIB) <br><br><br> **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION ON MOTION TO STRIKE RULE 68 OFFER OF JUDGMENT** |

Sharon L. Van Dyck, **FAFINSKI MARK & JOHNSON, P.A.**, 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344, for plaintiffs.

Kevin A. Finnerty, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, for defendants.

Defendants St. Cloud State University ("SCSU") and Minnesota State Colleges and Universities (collectively, "Defendants") object to United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R"), recommending that the Court grant Plaintiffs' motion to strike Defendants' Rule 68 Offer of Judgment ("Rule 68 Offer"). Because the Court finds Defendants' Rule 68 Offer made prior to a decision on Plaintiffs' motion for class certification creates an improper conflict of interest, the Court

will overrule Defendants' objections, adopt the R&R, and grant Plaintiffs' motion to strike the Rule 68 Offer of Judgment.

## BACKGROUND

Plaintiffs are female student-athletes, bringing a putative class action "on behalf of . . . SCSU's current, prospective, and future female students who want to participate in varsity women's tennis or varsity women's Nordic skiing at SCSU or who want to participate in varsity sports not offered or eliminated by SCSU." (Am. Compl. ¶ 1, Sept. 30, 2016, Docket No. 57; *see also* Mot. to Certify Class, May 15, 2017, Docket No. 133.) Plaintiffs allege that Defendants discriminate on the basis of sex by providing male students with greater athletics-related participation opportunities, benefits, and financial assistance, in violation of Title IX. (*See, e.g.,* Am. Compl. ¶¶ 67-84.) Plaintiffs seek declaratory, injunctive, and monetary relief, including attorney's fees, on behalf of themselves and the purported class. (*See id.* at 27-28.)

On July 25, 2016, the Court granted Plaintiffs' motion for a preliminary injunction, enjoining defendants from: (a) eliminating SCSU's interscholastic women's tennis team; (b) involuntarily terminating the employment of the coaches of SCSU's interscholastic women's tennis team; (c) reducing support for SCSU's interscholastic women's tennis team; and (d) restricting or denying SCSU's interscholastic women's tennis team's access to facilities, coaching, training, or competitive opportunities. *Portz v. St. Cloud State Univ.*, 196 F. Supp. 3d 963, 978 (D. Minn. 2016). On August 23, 2016, the Court expanded the preliminary injunction to include the women's Nordic skiing

team based on a stipulation from the parties. (Order Amending Prelim. Inj., Aug. 23, 2016, Docket No. 43.)

On January 19, 2017, Defendants served the following Offer of Judgment on Plaintiffs pursuant to Fed. R. Civ. P. 68:

1. To [named plaintiffs] as putative class representatives, Defendants offer to maintain SCSU's intercollegiate women's tennis and Nordic ski teams through the end of academic year 2019-20 and to at least maintain the current level of support and access to facilities, coaching, training and competitive opportunities those teams and their players receive throughout that period. In addition, SCSU will allocate an additional $10,000.00 each to the tennis and ski teams during academic year 2017-18 that SCSU will use, in its sole discretion, for team-related expenses and/or improvements, such as those for equipment, competitions, and travel.
2. To [named plaintiffs] as individual Plaintiffs, Defendants offer $2[,]000.00 each.
3. Defendants agree to pay costs accrued in this action to date. Reasonable attorney's fees are included as part of Defendant's offer. Defendants offer to allow the Court to determine these costs, including reasonable attorney's fees.
4. Defendants' offer is conditioned on acceptance by all Plaintiffs and is made to fully and finally resolve all claims made or that could have been made against them in this action.

(Decl. of Andrew T. James, Ex. 1 at 3-5, Mar. 16, 2017, Docket No. 101.) Plaintiffs did not accept the settlement offer. (Decl. of Kevin Finnerty ¶ 3, May 23, 2017, Docket 107.)

On March 16, 2017, Plaintiffs filed a Motion to Strike Defendants' Rule 68 Offer of Judgment. On April 19, 2017, the Magistrate Judge filed an Order and Report and Recommendation. (Order & R&R ("R&R"), Apr. 19, 2017, Docket No. 111.)[1] Because Defendants' Rule 68 Offer occurred before class certification, did not offer relief to all

---

[1] Neither party objected to the order portion, in which the Magistrate Judge denied Plaintiffs' motion to amend the scheduling order, and thus, it is not relevant for the purposes of this order. (*See* R&R at 7-10.)

putative class members, and had the potential to shift future litigation costs onto the named plaintiffs, the Magistrate Judge determined there was a "conflict of interest between the putative class representatives and the putative class members." (*Id*. at 14-17.) Finally, the Magistrate Judge noted that the Rule 68 Offer did not address the broad goals of Title IX, namely that females and males be provided equal opportunity to participate in collegiate athletics. (*Id*. at 15-16.) Accordingly, the Magistrate Judge recommended that the Court grant Plaintiffs' motion to strike Defendants' Rule 68 Offer. (*Id*. at 17.) Defendants filed timely objections to the R&R, (Objs. to R&R, May 1, 2017, Docket No. 112), which the Court will now consider.

## ANALYSIS

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). On a dispositive motion the Court must review "properly objected to" portions of an R&R *de novo*. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Under Fed. R. Civ. P. 68, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then

4

accrued." Fed. R. Civ. P. 68(a). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Rule 68 does not require the court to examine the reasonableness of a settlement offer, nor does it require the Court to consider other attempts at mediation or settlement. *See Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 368 (7th Cir. 1993). However, Rule 68 offers can present unique challenges in the context of class action lawsuits, due to "the special obligations inherent in the role of class representative." *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 332 (D. Minn. 2011).

## II. PROPRIETY OF MOTION TO STRIKE RULE 68 OFFER

Defendants object to the Magistrate Judge's rejection of their argument that Plaintiffs' motion to strike seeks an improper advisory opinion. Defendants assert that the Magistrate Judge failed to consider the impact of a recent Supreme Court case, *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670-71 (2016). *Campbell-Ewald*, however, pertains to Rule 68 offers in an entirely different context and makes no mention of motions to strike. In that case, the Supreme Court held that an unaccepted Rule 68 offer does not moot pending litigation because, following rejection, a settlement offer "ha[s] no continuing efficacy" as there was no guarantee that the offeror would pay the settlement. *Id.* at 670. Thus, *Campbell-Ewald* considered whether a prior Rule 68 offer rendered further activity on an entire case improperly advisory – not whether motion practice over the effect of a rejected Rule 68 offer was somehow improperly advisory.

5

The Court finds reaching a decision on Plaintiffs' motion to strike would not be advisory. "[T]he pre-certification offer of judgment has immediate adverse impact on Plaintiff[s]" by creating a conflict of interest between the putative class representatives and the putative class, and therefore, the Court faces "a current and meaningful legal dispute arising from [that] conflict." *Johnson*, 276 F.R.D. at 335; *accord Lamberson v. Fin. Crimes Servs., LLC*, No. 11-98, 2011 WL 1990450, at *4 (D. Minn. Apr. 13, 2011), *adopted by* 2011 WL 1990447 (D. Minn. May 23, 2011). Accordingly, the Court overrules Defendants' objection regarding the propriety of deciding Plaintiffs' motion to strike.

## III.  CONFLICT OF INTEREST

Defendants next object to the Magistrate Judge's finding that the Rule 68 Offer should be struck because it does not offer class-wide relief and creates a conflict of interest between Plaintiffs and potential class members.

Contrary to Defendants' argument, the Court finds that the Magistrate Judge properly considered whether Defendants' pre-certification Rule 68 Offer created a conflict of interest. Rule 68 provides no guidance specific to class action cases, nor does it provide guidance for striking issued offers. "However, courts have wrestled with the application of Rule 68 in the class action context, given the potential for Rule 68 offers to frustrate the procedural mechanism of Federal Rule 23 for aggregating small claims." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1012 (D. Minn. 2007). Courts must consider the rights of putative class members "even if a class has not yet been certified."

6

*Crawford v. F. Hoffman–La Roche Ltd.,* 267 F.3d 760, 764 (8th Cir. 2001.) In the spirit of this requirement, while Rule 68 offers to putative classes are not evaluated for the adequacy of the settlement offer, courts must still consider whether the offer provides class-wide relief to determine if any potential conflict of interest exists. *Johnson*, 276 F.R.D. 335. Although neither the Eighth Circuit nor the Supreme Court has ruled on this issue, district courts within the Eighth Circuit "have routinely granted [a] plaintiff's motion to strike" a Rule 68 offer where the offer would create a conflict of interest between "the named plaintiff and the unnamed class members." *See Epps v. Wal-Mart Stores, Inc.*, 307 F.R.D. 487, 495 (E.D. Ark. 2015) (collecting cases).

Defendants also argue that even if striking a pre-class certification Rule 68 offer is appropriate in some cases, the Magistrate Judge improperly recommended striking their offer because it in fact provided class-wide relief. Defendants assert current participants in the 2017-18 school year, and future participants in the 2018-19 and 2019-20 school years would benefit from a one-time cash infusion and continued support through those years. They also point out that students who enroll at SCSU and play a sport in 2020-21 "may benefit if SCSU elects to continue those programs." (Objs. to R&R at 5.)

To the contrary, the Court finds there are easily identifiable potential class members who would not benefit from the Rule 68 Offer. Plaintiffs seek to represent themselves and "[a]ll female students currently matriculated at SCSU who participate, seek to participate, and/or are deterred from participating in intercollegiate athletics funded by SCSU" as well as "[a]ll females planning to matriculate to SCSU . . . who will participate, will seek to participate, and/or will be deterred from participating in

intercollegiate athletics funded by SCSU." (Mot. to Certify Class at 1-2.) Thus, putative class membership extends far beyond the current women's tennis and Nordic ski teams. Defendants' Rule 68 Offer does not include relief for female varsity sports participants in athletic activities outside of tennis and Nordic skiing, and therefore it creates an impermissible conflict of interest between these putative class members and the class representatives. Moreover, the Offer does nothing to address the demand for parity between women's and men's sports at SCSU and the request for declaratory and injunctive relief that could benefit future members of the women's Nordic skiing team, the women's tennis team, and other female athletic programs at SCSU.[2] Accordingly, the Court adopts the R&R's conclusion that Defendants' Rule 68 Offer creates a conflict of interest.

## IV. THE PURPOSE OF RULE 68

Defendants also argue that the Magistrate Judge's conclusion disregards the purpose of Rule 68, which they assert favors forcing Plaintiffs to consider the likelihood of success throughout all phases of litigation. But the Court finds that the Magistrate

---

[2] Defendants argue that striking the offer would incentivize plaintiffs to include "widely overbroad classes" in complaints in order to insulate themselves from Rule 68 offers until the class certification stage. (Objs. to R&R at 5.) While the Court acknowledges that a degree of concern is warranted, in this case, the motion for class certification (filed after the briefs on the R&R were filed) includes a broader class than was included in the initial complaint. (*Compare* Compl. ¶ 1, Apr. 28, 2016, Docket No. 1, *with* Mot. to Certify Class at 1-2.) Therefore, Defendants' concern is not implicated here. Furthermore, courts are well-equipped to deal with bad-faith manipulation of procedural rules, so this policy concern is easily dismissed. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) (discussing bad faith conduct in litigation); *see also Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1088 (2d Cir. 1977).

Judge's analysis merely reflects an attempt to reconcile the goals of several rules implicated by a Rule 68 offer prior to class certification.

Rule 68 seeks to "prompt[] both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial **on the merits**," with the ultimate purpose of "encourag[ing] settlement and avoid[ing] litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985) (emphasis added). Accordingly, "Rule 68 was not meant to test the strength of a plaintiff's motion for class certification." *Johnson*, 276 F.R.D. at 335 (quoting *Smith v. NCO Fin. Sys., Inc.*, 257 F.R.D. 429, 434 (E.D. Pa. 2009)). Rule 23, on the other hand, aims "to promote judicial economy by allowing for litigation of common questions of law and fact at one time," *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (Burger, J., concurring in part and dissenting in part), and to permit aggregation of small claims that would otherwise be too small to litigate, *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1175 (8th Cir. 1995).

By allowing Rule 68 offers to pressure putative class members into settlements, individual class representatives may be "picked off," creating a situation where multiple lawsuits are initiated on behalf of potential class members and are repeatedly abandoned early in litigation, disrupting the judicial economy that Rule 23 is meant to foster. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980). Neither of Rule 23's purposes is served by using a Rule 68 offer to force a plaintiff to consider the likelihood of class certification. For these reasons, the Court finds striking Plaintiffs' motion is appropriate in this case, not to eliminate the pressure felt by Plaintiffs to settle – because such pressure will persist – but to reduce the additional pressure to settle induced by Rule

9

68's cost-shifting effect.[3]  This result "secure[s] the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.[4]

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** Defendants' Objections [Docket No. 112] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated April 19, 2017, [Docket No. 111]. **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Defendants' Rule 68 Offer [Docket No. 97] is **GRANTED**.

DATED: August 20, 2017  
at Minneapolis, Minnesota.

_____s/John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court

---

[3] Defendants point out in their brief that Plaintiffs necessarily have to assess the likelihood of class certification at the scheduled mandatory settlement conference occurring before class certification, and therefore they argue this Offer does not create any additional conflict of interest beyond what would already exist. But settlement conferences are distinct because they do not present the additional pressure caused by Rule 68 cost-shifting.

[4] Defendants also argue that the Magistrate Judge failed to consider relevant facts regarding Plaintiffs' diligence in seeking settlement of this case. (*See* Objs. to R&R at 2-3.) Such facts could potentially be relevant in certain cases; however, the Court's decision on Plaintiffs' motion to strike in this case rests on the terms of Defendants' Offer and the fact that it precedes decision on Plaintiffs' motion to certify, and therefore, the facts Defendants cite do not alter the Court's conclusion.