# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXIE PORTZ, JILL KEDROWSKI, ABIGAIL KANTOR, MARILIA ROQUE DIVERSI, FERNANDA QUINTINO DOS SANTOS, MARIA HAUER, HALEY BOCK, KAITLYN BABICH, ANNA LINDELL, and KIERSTEN ROHDE, *individually and on behalf of all those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ST. CLOUD STATE UNIVERSITY and MINNESOTA STATE COLLEGES AND UNIVERSITIES,<br><br>Defendants. | Civil No. 16-1115 (JRT/LIB)<br><br>**ORDER ON MOTIONS IN LIMINE** |

Andrew T. James, Sharon L. Van Dyck, Donald Chance Mark, Jr., Tyler P. Brimmer, **FAFINSKI MARK & JOHNSON, P.A.**, 775 Prarie Center Drive, Suite 400, Eden Prarie, MN 55344, for plaintiffs.

Kevin A. Finnerty, Ian M. Welsh, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Saint Paul, MN 55101, for defendants.

Plaintiffs Alexie Portz, Jill Kedrowski, Abigail Kantor, Marilia Roque Diversi, Fernanda Quintino Dos Santos, Maria Hauer, Haley Bock, Kaitlyn Babich, Anna Lindell, and Kiersten Rohde brought this action on behalf of themselves and all those similarly situated against Defendants St. Cloud State University and Minnesota State Colleges and

Universities (collectively "SCSU"), alleging gender discrimination in SCSU's allocation of athletic opportunities to female students and in SCSU's treatment of and benefits conferred on its female student-athletes in violation of Title IX. The Court previously dismissed Count 2 (unequal allocation of athletic-related financial assistance in violation of Title IX), Count 4 (sex-based discrimination in violation of the Fourteenth Amendment), and Plaintiffs' claim for damages. (Mem. Op. and Order at 50, Feb. 26, 2018, Docket No. 241; Order at 13-14, July 25, 2018, Docket No. 274.) Trial begins Monday, November 26, 2018. The issues for trial include (1) whether SCSU in the past, and presently allocates athletic-participation opportunities unequally in violation of Title IX, and (2) whether SCSU in the past, and presently allocates athletic treatment and benefits unequally in violation of Title IX. This order addresses the parties' motions in limine.

## DISCUSSION

### I. SCSU'S MOTIONS IN LIMINE

#### A. Historical Evidence and Testimony from Morris Kurtz and Sue Becker

SCSU moves to exclude two types of historical evidence: (1) evidence regarding whether SCSU was in compliance with Title IX's requirement to effectively accommodate the athletic interests and abilities of its students prior to the 2016-17 academic year, and (2) all testimony from Morris Kurtz and Sue Becker. SCSU argues that both types of evidence should be excluded under Federal Rule of Evidence 403. Rule 403 permits relevant evidence to be excluded where "its probative value is substantially outweighed by danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. SCSU argues that historical evidence concerning SCSU's prior compliance with Title IX is irrelevant to determination of its **current** compliance, and regardless, should be excluded because its probative value is outweighed by Rule 403 considerations. Such historical evidence, however, is relevant to determine SCSU's past compliance, an issue that remains for trial.

SCSU also argues that Kurtz and Becker could only testify to historical evidence, and this Court previously held that the probative value of historical testimony from Kurtz and Becker did not outweigh its prejudicial effect so such testimony should be excluded. The Court's prior holding was in the context of using evidence of past violations to show current violations. The Court analyzed Kurtz and Becker's testimony because Dr. Donna Lopiano relied on their testimony in her expert report that opined on whether SCSU was **presently** complying with Title IX. That analysis did not reach whether the evidence from Kurtz and Becker would be unfairly prejudicial regarding SCSU's past compliance with Title IX. The Court finds that historical evidence of past compliance with Title IX— whether from Kurtz, Becker, or other sources—is probative of SCSU's past compliance with Title IX, and its probative value is not outweighed by risk of unfair prejudice, confusion, delay, wasted time, or cumulative evidence. Thus, the Court will deny SCSU's motions. Because this case is being tried to the Court, historical evidence will be given its proper weight.

### B. Evidence Related to the Levels-of-Competition Test

SCSU also moves the Court to exclude evidence related to the levels-of-competition test on the ground that it is unnecessary and risks making the trial more complicated and confusing. The levels-of-competition test is one of two mandatory tests applied by the U.S. Department of Education Office of Civil Rights to determine whether an institution complies with Title IX. 44 Fed. Reg. at 71,418; *see also Biediger v. Quinnipiac Univ.*, 928 F. Supp. 2d 414, 437 (D. Conn. 2013). The levels-of-competition test appears to be especially relevant where, as here, an institution's athletic teams compete at different levels—NCAA Division I and Division II.

SCSU argues that it already meets the requirements of the levels-of-competition test so the test does not need to be applied, and evidence related to it should be excluded. SCSU reasons that the standards required of NCAA Division I and II competitive teams meet or exceed the standards set by the levels of competition test, and because SCSU athletic teams compete at these levels, SCSU meets the requirements of the levels-of-competition test. Satisfaction of the levels-of-competition requirements is an issue for trial, however, so evidence relating to whether SCSU satisfies this test should not be excluded. The Court must still hear evidence related to the levels-of-competition test and make a finding on whether SCSU complies with this requirement. Thus, the Court will deny the motion.

### C. Evidence Gathered During July 2018 Site Inspection

SCSU also moves the Court to exclude information that Plaintiffs gathered during two July 2018 site inspections. SCSU argues that this evidence should be excluded because (1) the inspection was done in violation of the Scheduling Order, and (2) Plaintiffs failed

to follow Federal Rule of Civil Procedure 34.  Plaintiffs toured SCSU athletic facilities accompanied by counsel, Dr. Lopiano, and persons with authorized access to the facilities. (Decl. of Kevin Finnerty ¶ 2, Ex. 1 at 6, Oct. 22, 2018, Docket No. 286.)  Although the inspection by Plaintiffs occurred in July 2018—after the discovery deadline of December 31, 2017—SCSU does not claim prejudice.  Plaintiffs disclosed this inspection on August 1, 2018, along with producing photographs that were taken of SCSU facilities during the tour.  (*Id.* at 6, 9-11.)  On September 6, 2018, Plaintiffs served Dr. Lopiano's Third Supplmental Report on SCSU.  (*Id.* at 4.)  SCSU has had over two months to review the information.  In the absence of demonstrated prejudice to SCSU, the Court will excuse Plaintiffs' failure to comply with the Scheduling Order and will deny SCSU's motion.

SCSU argues that Plaintiffs' failure to follow Rule 34 notice procedures also bars the inspection evidence.  The purpose of Rule 34 is to provide the other side an opportunity to be present, to ensure that what is seen or done is pertinent, and to ensure that any record created is accurate.  SCSU does not argue that the photos Plaintiffs produced or Dr. Lopiano's Third Supplemental Report are inaccurate or not relevant.  Here, Plaintiffs were accompanied by persons with authorized access to the facilities toured, including an SCSU faculty member and current student athlete.  Defendants have complete access to the same facilities.  The Court will deny SCSU's motion.

## II. PLAINTIFFS' MOTION IN LIMINE

Plaintiffs seeks to exclude expert testimony from Timothy O'Brien regarding his opinion on athletic financial assistance allocation and any opinions he formed regarding SCSU's allocation of athletic-participation opportunities.  SCSU chose not to submit an

-5-

expert report on whether its allocation of athletic-participation opportunities complied with Title IX. SCSU did, however, submit an expert report on whether its allocation of athletic financial assistance complied with Title IX, albeit after the deadline to submit expert reports on athletic-participation opportunities had passed. Within this report, O'Brien opined on SCSU's allocation of athletic-participation opportunities. The Court granted summary judgment for SCSU regarding athletic financial assistance allocation and dismissed the claim with prejudice. Because O'Brien's expert report was created only for the athletic financial assistance allocation claim, and that claim is no longer at issue, the Court does not expect to receive testimony from O'Brien at trial. Thus, the Court will reserve judgment on this motion unless and until it becomes an issue at trial.

All of these issues raised in the limine motions present questions of the weight to be allocated to relevant evidentiary matters. With no jury, the Court will be able to properly assess these issues and give all evidence the weight that is proper and avoid any undue prejudice to any party.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion in Limine to Exclude Photographs, Testimony, and Information Obtained from Plaintiffs' Late and Unauthorized Inspections of Defendants' Property [Docket No. 284] is **DENIED**

2. Defendants' Motion in Limine to Exclude Historical Evidence Concerning St. Cloud State's Accommodation of Athletic Interests and Abilities [Docket No. 289] is **DENIED;**

3. Defendants' Motion in Limine to Exclude Evidence Related to the Levels-of-Competition Test [Docket No. 293] is **DENIED;**

4. Defendants' Motion in Limine to Exclude Testimony from Morris Kurtz and Sue Becker [Docket No. 299] is **DENIED**; and

5. The Court reserves judgment on Plaintiffs' Motion in Limine to Limit the Testimony of Defendants' Expert Witness Timothy O'Brien [Docket No. 311].

DATED: November 21, 2018       _____s/John R. Tunheim_____
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                                                      Chief Judge
                                        United States District Court