UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ALEXIE PORTZ, JILL KEDROWSKI, ABIGAIL KANTOR, MARILIA ROQUE DIVERSI, FERNANDA QUINTINO DOS SANTOS, MARIA HAUER, HALEY BOCK, KAITLYN BABICH, ANNA LINDELL, and KIERSTEN ROHDE, *individually and on behalf of all those similarly situated,*<br><br>                                Plaintiffs,<br><br>v.<br><br>ST. CLOUD STATE UNIVERSITY and MINNESOTA STATE COLLEGES AND UNIVERSITIES,<br><br>                                Defendants. | Civil No. 16-1115 (JRT/LIB)<br><br><br><br>**MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY FEES AND PARTIES' JOINT MOTION FOR CONTINUED SEALING** |

---

Adina R. Florea, Donald Chance Mark, Jr., and Tyler P. Brimmer, **FAFINSKI MARK & JOHNSON PA**, 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344, and Sharon L. Van Dyck, **VAN DYCK LAW FIRM PLLC**, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415, for plaintiffs.

Elizabeth C. Kramer, Jason Marisam, and Kevin A. Finnerty, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suites 1100, 1800, St. Paul, MN 55101, for defendants.

Plaintiffs student-athletes have filed a Motion for Attorney Fees in this long-running Title IX action against St. Cloud State University and the Minnesota State Colleges and Universities.  Because some of the fees sought by Plaintiffs are unreasonable or

duplicative, the Court will grant in part and deny in part Plaintiffs' Motion and award Plaintiffs $32,126.64 in reasonable attorney fees and costs.

Plaintiffs and Defendants also jointly move the Court for the continued sealing of four documents related to Plaintiffs' Motion for Attorney Fees. (Jt. Mot. Cont'd Sealing, Sept. 8, 2020, Docket No. 493.) The Court will grant this Motion.

## BACKGROUND

The facts and procedural history of this case are complex, but well-known to the Court and the parties. The Court therefore briefly summarizes the factual and procedural points relevant to the Motion.

Plaintiffs are female student-athletes who attend or recently attended St. Cloud State University ("SCSU") and were members of SCSU's varsity intercollegiate women's tennis or women's Nordic skiing teams. *Portz v. St. Cloud State Univ.*, 401 F. Supp. 3d 834, 840–41 (D. Minn. 2019). Plaintiffs alleged violations of Title IX based on unequal athletic participation opportunities and sex-based discrimination. (Compl. ¶ 2, Apr. 28, 2016, Docket No. 1.) After a seven-day bench trial, the Court found that, since at least 2014, SCSU was not in compliance with Title IX in its allocation of athletic participation opportunities and treatments and benefits. *Portz*, 401 F. Supp. 3d at 869.

Plaintiffs then sought an award of attorney fees and costs. (Pls.' 1st Mot. Att'y Fees, Aug. 13, 2019, Docket No. 384.) The Court granted in part and denied in part Plaintiffs' Motion, awarding $1,171,442.90 in reasonable attorney fees and costs. *Portz v. St. Cloud*

*State Univ.*, No. 16-1115, 2020 WL 335272, at *5 (D. Minn. Jan. 21, 2020).  The Court declined to consider fees related to Plaintiffs' First Motion for Contempt because the motion was pending before the Court.[1]  *Id.* at *3.

At that time, the Court estimated that Plaintiffs' fees related to the Contempt Motion totaled $17,731.95 and noted that it "may enter an additional award for some or all of this amount" if Plaintiffs prevailed on their motion.  *Id.*  On January 24, 2020, Plaintiffs filed a Second Motion for Contempt.  (Pls.' 2nd Mot. Contempt, Jan. 24, 2020, Docket No. 436.)  The Court granted Plaintiffs' First Motion for Contempt and denied Plaintiffs' Second Motion for Contempt.  *Portz v. St. Cloud State Univ.*, No. 16-1115, 2020 WL 3642366, at *11 (D. Minn. July 6, 2020).[2]  Plaintiffs now seek additional attorney fees after prevailing on their First Motion for Contempt.  (Pls.' 2nd Mot. Att'y Fees, July 20, 2020, Docket No. 481.)  Defendants object and have identified specific billing entries submitted by Plaintiffs that they argue are improper.  (Defs.' Resp. Opp., Sept. 17, 2020, Docket No. 494.)

---

[1] On October 4, 2019, Plaintiffs asked the Court to hold Defendants in contempt on the grounds that SCSU failed to provide adequate financial, staffing, and institutional support to the women's tennis and Nordic ski teams, in violation of the Court's preliminary injunction.  (Pls.' 1st Mot. Contempt, Oct. 4, 2019, Docket No. 409.)

[2] The Court held that SCSU denied or restricted access to financial, institutional, staffing, and/or facilities support for the women's tennis and Nordic skiing teams in violation of the temporary injunction and awarded Plaintiffs $20,000 in compensatory damages.  *Portz*, 2020 WL 3642366, at *10–11.  The Court denied Plaintiffs' Second Motion for Contempt on the grounds that SCSU's decision to eliminate the women's golf team was a form of permissible restructuring and was not prohibited by the Court's permanent injunction.  *Id.*

**DISCUSSION**

I.  **STANDARD OF REVIEW**

The Court may, in its discretion, allow a prevailing plaintiff "a reasonable attorney's fee as part of the costs" in a successful Title IX case. 42 U.S.C. § 1988(b). The fee applicant has the burden of establishing entitlement to an award of fees and costs, but the district court enjoys broad discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts generally begin by determining the "lodestar," which is calculated by multiplying a reasonable hourly billing rate by a reasonable number of hours worked; the Court must then exclude hours that were not "reasonably expended." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440.

II. **ANALYSIS**

The Court finds that Plaintiffs' requested rates for attorney fees are reasonable given both the experience of counsel and staff and market conditions. Furthermore, SCSU does not challenge the reasonableness of the requested billing rates. The Court will therefore address SCSU's specific objections to Plaintiffs' fee requests.

Plaintiffs ask the Court to award attorney fees in the amount of $48,930.50 and non-taxable costs of $541.64 related to their First Civil Contempt Motion. This total includes $22,949.50 in fees to Van Dyck Law Firm ("VDL"), $25,981.00 in fees to Fafinksi

Mark & Johnson, P.A. ("FMJ"), and $541.64 as reimbursed costs for the use of an electronic legal research database. Prior to submitting their request, Plaintiffs deducted some unnecessary or duplicative entries and reduced time claimed for work that served dual purposes.

Defendants object to Plaintiffs' request, arguing that Plaintiffs should be held to the Court's prior estimate of $17,731.95. In the alternative, Defendants argue that Plaintiffs' request should be reduced by $23,637.00 because Plaintiffs devoted that share of fees to improperly presenting new evidence in their reply.

Defendants are correct that the Court initially estimated that Plaintiffs had billed $17,731.95 toward the First Contempt Motion. This estimate was included in the January 21, 2020 Order for the purposes of explaining a category of fees that was removed from consideration at that time; the estimate was not a strict limitation on the reasonable fees that Plaintiffs could request related to the First Contempt Motion. The Court is not bound by this prior estimate. The Court further finds Defendants' argument that Plaintiff improperly introduced new evidence unavailing. Plaintiffs were entitled to thoroughly litigate and develop the record in support of their motion. Plaintiffs success on the First Contempt Motion weighs in favor of granting their request for related and appropriate attorney fees. *See Fish*, 295 F.3d at 852.

However, the Court agrees that Plaintiffs' request for $48,930.50 is excessive, given the scope of the First Contempt Motion in the context of the litigation as a whole.

*See Hensley*, 461 U.S. at 440. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*." *Hensley,* 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Accordingly, the Court will reduce the amount of attorney fees requested by $17,345.50.

The Court will reduce $6,634.50 related to the Declaration of Jeremy Frost, former head coach of the women's Nordic ski team. Though the Court relied on two paragraphs from Frost's Declarations in its Contempt Order, Mr. Frost had already attested to much of the information contained therein at trial. The Court finds that the limited amount of new information included in Frost's Declaration does not justify the substantial sum that Plaintiffs request. The Court will also reduce $7,345.50 related to research and development of thirty exhibits attached to the Declarations of Yvonne Viehman. These exhibits consist primarily of website screenshots and offer little of substantive value. And finally, the Court will deduct $3,365.50 related to duplicative editing and review of Plaintiffs' various briefs in support of the First Motion for Contempt.

In sum, the Court will award Plaintiffs $31,585.00 in attorney fees and $541.64 in non-taxable costs.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Attorney Fees [Docket No. 481] is **GRANTED in part and DENIED in part**. Plaintiffs are awarded attorney fees in the amount of $31,585.00 and non-taxable costs in the amount of $541.64.

2. Plaintiffs' and Defendants' Joint Motion Regarding Continued Sealing [Docket No. 493] is **GRANTED**.

DATED: October 16, 2020　　　　　　　　　　　＿＿＿*John N. Tunheim*＿＿＿＿
at Minneapolis, Minnesota.　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court