# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

ALEXIE PORTZ, JILL KEDROWSKI, ABIGAIL KANTOR, MARILIA ROQUE DIVERSI, FERNANDA QUINTINO DOS SANTOS, MARIA HAUER, HALEY BOCK, KAITLYN BABICH, ANNA LINDELL, and KIERSTEN ROHDE, *individually and on behalf of all those similarly situated*,

Plaintiffs,

v.

ST. CLOUD STATE UNIVERSITY and MINNESOTA STATE COLLEGES & UNIVERSITIES,

Defendants.

Civil No. 16-1115 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PERMANENT INJUNCTION**

---

Donald Chance Mark, Jr. and Tyler P. Brimmer, **FAFINSKI MARK & JOHNSON PA**, 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344, and Sharon L. Van Dyck, **VAN DYCK LAW FIRM PLLC**, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415, for plaintiffs.

Elizabeth C. Kramer, Jason Marisam, and Kevin A. Finnerty, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suites 1100, 1800, St. Paul, MN 55101, for defendants.

Plaintiff student-athletes have filed a Motion for Modification of the Permanent Injunction in this long-running Title IX action against St. Cloud State University. The permanent injunction imposed by the Court requires Defendants St. Cloud State

University and Minnesota Colleges and Universities (jointly "SCSU") to submit reports to the Court every six months to monitor compliance with the Court's orders and with Title IX. Plaintiffs request that the permanent injunction be modified to require SCSU to include certain categories of documentary evidence with its six-month reports. Because the Court finds that modifying the Permanent Injunction is unnecessary, the Court will deny Plaintiff's Motion. However, because the Court finds that some of Plaintiffs' document requests are reasonable and necessary for the Court to monitor SCSU's compliance with the injunction, it will order SCSU to produce certain documents to supplement the three reports that have already been submitted. The Court will also clarify that SCSU should include documentary evidence with its future reports, as practicable, so that the Court may effectively monitor SCSU's compliance efforts. Lastly, the Court will order that any future disputes regarding the sufficiency of supporting documentation for the six-month reports be raised first with the Magistrate Judge.

## BACKGROUND

The facts and procedural history of this case are complex, but well-known to the Court and the parties. The Court therefore briefly summarizes the factual and procedural points relevant to the motion.

Plaintiffs are female student-athletes who attend or recently attended St. Cloud State University ("SCSU") and were members of SCSU's varsity intercollegiate women's tennis or women's Nordic skiing teams. *Portz v. St. Cloud State Univ.*, 401 F. Supp. 3d 834,

840–41 (D. Minn. 2019). Plaintiffs alleged violations of Title IX based on unequal athletic participation opportunities and sex-based discrimination. (Compl. ¶ 2, Apr. 28, 2016, Docket No. 1.) After a seven-day bench trial, the Court found that, since at least 2014, SCSU was not in compliance with Title IX in its allocation of athletic participation opportunities and treatments and benefits. *Portz*, 401 F. Supp. 3d at 869.

The Court imposed a permanent injunction that required, in part, that SCSU submit reports to the Court every six months to monitor compliance with the Court's orders and with Title IX. (*Id.* at 869–70; 2nd Am. J. § 3(d), Aug. 5, 2019, Docket No. 383.) SCSU has filed three six-month reports detailing their efforts to comply with the Court's injunction, which focused on: (1) allocation of participation opportunities; (2) allocation of treatment and benefits; and (3) inequity related to SCSU's tiers of financial support for men's and women's athletic programs. (*See* Ltr. to Dist. Judge ("First Report"), Feb. 3, 2020, Docket No. 445); (Ltr. to Dist. Judge ("Second Report"), Aug. 5, 2020, Docket No. 484); (Ltr. to Dist. Judge ("Third Report"), Feb. 5, 2021, Docket No. 511.)

After SCSU submitted its first and second reports, Plaintiffs responded that the reports were conclusory and insufficiently supported by documentary evidence. (*See* Pls. Resp. 1st Report, Feb. 18, 2020, Docket No. 462; Pls. Resp. 2nd Report, Sept. 30, 2020, Docket No. 497.) Plaintiffs then filed a motion to modify the permanent injunction, requesting that SCSU be required to produce documentary evidence to support their progress reports. (Mot. Mod. Perm. Inj., Oct. 8, 2020, Docket No. 498.)

**DISCUSSION**

I. **STANDARD OF REVIEW**

"Generally, a district court has the authority to modify its injunctive decrees where changed circumstances require modification so as to effectuate the purposes underlying the initial grant of relief." *Richland/Wilkin Joint Powers Authority v. United States Army Corps of Engineers*, No. 13-2262, 2019 WL 1516934, at *3 (D. Minn. Apr. 8, 2019); *see also United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) (noting that it is "not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions."). District courts may also clarify rather than modify an injunction. A modification "alters the legal relationship between the parties," whereas a clarification "does not change the parties' original relationship, but merely restates the relationship in new terms." *Mikel v. Gourley*, 951 F.2d 166, 169 (8th Cir. 1991) (quotation omitted).

II. **ANALYSIS**

Plaintiffs request that the permanent injunction be modified to require SCSU to produce documentary evidence to support its six-month progress reports. Plaintiffs identify 15 categories of documents that should be produced along with the reports. After reviewing the parties' arguments and the preliminary injunction, the Court is not persuaded that modification of the permanent injunction is necessary. However, the Court notes that the purpose of the permanent injunction is to ensure that SCSU comes into compliance with the requirements of Title IX. The six-month reports are designed to

monitor SCSU's compliance efforts, and to effectively monitor the Court must have more than conclusory statements about SCSU's progress.

Accordingly, the Court clarifies that Defendants should support their progress reports with documentary evidence where practicable so that the Court may effectively assess compliance in accordance with the terms of the permanent injunction.  The Court finds that some of the categories of documentary evidence requested by Plaintiffs are reasonable and will order that Defendants produce these forms of evidence—listed below—to supplement the first three reports.  The Court also encourages SCSU to include documentary evidence to support claims of progress in future reports.  This will enable the Court to determine whether SCSU is complying with its obligations to more equitably allocate participation opportunities, treatment and benefits, and financial tiering across men's and women's sports.

The Court is also mindful of Defendants' concern that these reports may become fodder for ongoing motion practice.  As such, the Court orders that future disputes about the sufficiency of evidence supporting Defendants' reports be first addressed in conference with the Magistrate Judge before any motions related to the six-month reports may be filed.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Modify the Permanent Injunction [Docket No. 498] is **DENIED**;

2. Defendants are ordered to supplement their First, Second, and Third Reports [Docket Nos. 445, 484, and 511] with documentary evidence, as follows:

    a. Documents reflecting SCSU's athletic department scholarship and recruiting budgets for each team in the athletic department's athletic portfolio for academic years 2018–2019, 2019–2020, 2020–2021;

    b. The NCAA Revenue/Expense Summary for the academic years 2018–2019, 2019–2020, 2020–2021;

    c. The SCSU Athletic Department's Comprehensive Plan;

    d. Documents reflecting the total number of coaches and all coach salaries for men's soccer and women's soccer from February 2020 through the 2020–2021 academic year;

    e. Documents reflecting the total number of coaches and coach salaries for women's indoor track and field, women's outdoor track and field, and women's cross country for academic years 2018–2019, 2019–2020, 2020–2021;

    f. Documents reflecting the financial tiering of all varsity sports teams in the athletic department's athletic portfolio for the current academic year;

    g. List of National Letter of Intent Signings for the 2020–2021 and 2021–2022 academic years for women's tennis, women's Nordic skiing, men's soccer, and women's soccer;

    h. NCAA unofficial and official student athlete recruit visit forms for Nordic Skiing in the 2019–2020 and 2020–2021 academic years;

    i. Squad lists, Change of Status Forms, and Season of Competition Reports for each team in the SCSU sports portfolio for academic years 2018–2019, 2019–2020, 2020–2021.

3. The Parties are ordered to bring any future disputes related to the sufficiency of documentary evidence for the six-month reports before the Magistrate Judge prior to filing any motions.

DATED: May 3, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court