# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Alexie Portz, Jill Kedrowski, Abigail Kantor, Marilia Roque Diversi, Fernanda Quintino dos Santos, Maria Hauer, Haley Bock, Kaitlyn Babich, Anna Lindell, and Kiersten Rohde, individually and on behalf of all those similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>St. Cloud State University and Minnesota State Colleges and Universities,<br><br>                 Defendants. | Civil Action No.: 16-CV-01115 JRT/LIB<br><br><br><br>**DECLARATION OF DONALD CHANCE MARK, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

I, Donald Chance Mark, Jr., submit the following Declaration:

1.    I am an attorney with Fafinski Mark & Johnson, P.A. ("FMJ") and an attorney of record for Plaintiffs Alexie Portz, Jill Kedrowski, Abigail Kantor, Marilia Roque Diversi, Fernanda Quintino dos Santos, Maria Hauer, Haley Bock, Kaitlyn Babich, Anna Lindell, and Kiersten Rohde, individually and on behalf of all those similarly situated ("Plaintiffs"). I make this Declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs as permitted by the Court's Order dated September 7, 2022 [ECF No. 580.]

2.    I am an attorney licensed to practice law in the State of Minnesota since 1973, in the State of Wisconsin since 1985, and as *pro hac vice* in more than 35 states. I

have tried over 100 jury cases in the states of Minnesota, Wisconsin, Texas, Louisiana, Kentucky, Illinois, Michigan, Colorado, and California.

3.      I am certified as a civil trial advocate by the National Board of Trial Advocacy and as a civil trial specialist by the Minnesota State Bar Association.  I am also a member of the American College of Trial Lawyers, the International Society of Barristers, the American Board of Trial Advocates, the Douglas K. Amdahl Inn of Court, and the Million Dollar Advocates Forum.

4.      Based on my review of FMJ's billing and expense records in this case, I have concluded that FMJ has incurred a total of $1,433,185.48 in attorneys' fees, $21,928.94 in non-taxable costs, and $17,203.75 in previously awarded taxable costs in connection with its successful prosecution of Plaintiffs' claims since the inception of FMJ's representation.

5.      This is in addition to the $75,682.00 in attorneys' fees incurred by Kristen Galles and $230,053.00 in attorneys' fees incurred by Van Dyck Law in their representation of Plaintiffs.

6.      In total, Plaintiffs request as part of their Motion for Attorneys' Fees and Costs an award of $1,738,920.48 in attorneys' fees and $21,928.94 in non-taxable costs, as well as an order requiring distribution of $17,203.75 from funds deposited with the Court as payment of their taxable costs, to be distributed to FMJ, Van Dyck Law and Kristen Galles as set forth in the preceding paragraphs.

I.     **Attorneys' Fees and Cost Incurred Through September 11, 2019.**

7.     Plaintiffs previously moved for payment of their attorneys' fees and costs after this Court issued its permanent injunction against Defendant following trial and submitted declarations supporting its request.  [ECF Nos. 401, 402, 403, 403-1, 404, and 405.]

8.     The Court awarded Plaintiffs $1,154,778.98 in attorneys' fees and $16,663.92 in non-taxable costs, which represented fees and costs incurred by Plaintiffs up to September 11, 2019 for work performed by FMJ and by consulting counsel Kristen Galles.  [ECF No. 432.]

9.     This award was subsequently vacated by the Eighth Circuit Court of Appeals pending further proceedings before this Court.  Those proceedings were resolved by the Court's Order dated September 7, 2022.  [ECF No. 580.]

10.     Plaintiffs accordingly now request this prior fee and cost award be reinstated in its entirety and that they be awarded the full $1,154,778.98 in attorneys' fees and $16,663.92 in non-taxable costs, which represented fees and costs incurred by Plaintiffs up to September 11, 2019.

11.     Attached hereto as Exhibit A is an itemized invoice that reflects time incurred for FMJ's legal work on behalf of Plaintiffs as of September 11, 2019.  This exhibit was previously submitted to this Court as part of Plaintiffs' initial fee motion [ECF 403] and is being resubmitted in support of Plaintiffs' current request for fees through September 11, 2019.

12.    This invoice contains the time entries that were prepared on a monthly basis.  The invoice contains a description of each item of work performed, the date on which it was performed, the amount of time spent on each item of work, the identity of the lawyer or legal assistant performing the work, and the hourly rate charged for the work performed.

13.    I have reviewed the billing records attached as Exhibit A and find them to be true and accurate.  The services reflected therein were performed for the clients' benefit, were necessary for their proper representation, and were reasonably expended. All charges for unnecessary or duplicative work which FMJ has performed have been eliminated.

14.    However, in accordance with the Court's August 1, 2019 Findings of Fact, Conclusions of Law and Order for Judgment [ECF 379], Plaintiffs did not seek an award of attorneys' fees for work performed on claims on which they did not prevail as part of their initial fee motion and, accordingly, removed from Exhibit A $33,840 in fees for time spent opposing Defendants' first and second motions for partial summary judgment. These entries have been left in FMJ's billing records for the Court's reference, but include a "No Charge" notation indicating the corresponding fees have been removed from the overall request.

15.    Additionally, FMJ has also removed from its lodestar amount one-half of the fees incurred in preparing for and appearing at the oral argument which was held simultaneously with their motion for class certification (on which Plaintiffs' prevailed)

and Defendants' motion for partial summary judgment (on which Plaintiffs' prevailed). In total, FMJ removed $6,167.00 from its lodestar amount as a result of these reductions

16.     The primary FMJ timekeepers who worked on this matter were Donald Chance Mark, Jr. (shareholder) ("DCM"), Sharon L. Van Dyck (former Of Counsel) ("SLV"), Andrew T. James (former associate) ("ATJ"), Tyler P. Brimmer (shareholder) ("TPB"), Christopher R. Sall (former associate) ("CRS"), Adina R. Florea (former associate) ("ARF"), Kelly A. Schroeder (former paralegal) ("KAS"), and Yvonne M. Viehman (former paralegal) ("YMV").  Attached hereto as Exhibit B are biographies for these individuals showing their relevant educational backgrounds and experience.

17.     The hourly billing rates for these individuals are as follows for time performed through September 11, 2019:

| Timekeeper | Rate 2015 | Rate 2016 | Rate 2017 | Rate 2018 | Rate 2019 |
|------------|-----------|-----------|-----------|-----------|-----------|
| DCM | $370 | $370 | $380 | $385 | $395 |
| ATJ | $265 | $265 | $305 | $310 | $320 |
| SLV | N/A | $370 | $380 | $385 | N/A |
| CRS | $245 | $245 | $275 | $280 | $305 |
| TPB | $265 | $265 | $290 | $335 | $345 |
| ARF | N/A | N/A | N/A | N/A | $305 |
| KAS | $195 | $195 | $200 | $205 | N/A |
| YMV | N/A | N/A | N/A | $205 | $220 |

18.     As set forth in detail in Exhibit A, FMJ's attorneys were involved in every aspect of this case from drafting the complaint through submitting post-trial motions. FMJ attorneys were involved in extensive written discovery, the review and analysis of nearly 21,000 pages of documents produced by Defendants, detailed examination of SCSU facilities and historical treatment of various sports programs, as well as the review, synthesis and analysis of volumes of historical and current roster and

participation information. FMJ attorneys conducted interviews of dozens of witnesses, participated in the taking of 18 pre-trial depositions, and handled the extensive, complex motion practice that took place over the life of this case regarding a myriad of unique legal issues, including requests for preliminary injunctive relief and class certification.

20.    In addition, FMJ attorneys undertook substantial efforts in preparation for trial, including identifying and analyzing hundreds of exhibits, briefing motions in limine, meeting with dozens of witnesses and potential witnesses, reviewing deposition transcripts and preparing to conduct direct and cross examination, preparing for examination of expert witnesses on a wide variety of complex issues, as well as preparing for the presentation of a complex and nuanced case at trial. FMJ attorneys tried this case from November 26, 2018 through December 4, 2018, conducting a total of 24 witness examinations at trial, and completed extensive proposed findings of fact and conclusions of law which the Court relied upon in reaching its decisions.

20.    Plaintiffs' initial motion for attorneys' fees and costs previously requested as part of this total of $1,191,852.00 in attorneys' fees with respect to the work performed through September 11, 2019 [ECF No. 401], representing $1,136,157.00 in fees for work performed by FMJ as reflected on Exhibit A and $55,695.00 in fees for work performed by consulting counsel Kristen Galles as reflected in her supporting declaration. [ECF Nos. 404 and 405.]

21.    However, the Court's subsequent fee order reduced Plaintiffs' lodestar amount, for reasons set forth in detail therein, and awarded only $1,154,778.98 in fees –

representing $1,099,093.98 requested by FMJ and the full $55,695.00 requested by Kristen Galles. [ECF No. 432.]

22.    Plaintiffs accept the reductions in time awarded to FMJ by the Court in its prior order and accordingly only request the $1,099,093.98 previously awarded for FMJ's work through September 11, 2019 be reinstated and awarded as part of this motion. Plaintiffs further request the full $55,695.00 awarded for Kristen Galles' work through September 11, 2019 be reinstated and awarded as part of this motion.

23.    FMJ also incurred $101,022.36 in non-taxable costs in connection with Plaintiffs' lawsuit through September 11, 2019 which were also requested as part of its initial motion for fees and costs. [ECF Nos. 401 and 402.] However, the Court's prior order awarded only $16,663.92 in non-taxable costs to Plaintiff.

24.    Attached hereto as Exhibit C is an itemization of these non-taxable costs incurred by FMJ, as well as documents evidencing those costs, which were previously submitted to this Court as part of Plaintiffs' first motion for fees and costs. [ECF No. 402.] I have reviewed the cost records attached as Exhibit C and find them to be true and accurate. The costs reflected therein were reasonably and necessarily incurred in the prosecution of Plaintiffs' case and were incurred for the benefit of Plaintiffs.

25.    Plaintiffs accept the Court's reduction in its non-taxable costs incurred through September 11, 2019 and accordingly request only $16,663.92 in non-taxable costs through that date as part of their current motion.

26.    The Court also previously awarded Plaintiffs $17,203.75 in taxable costs through September 11, 2019 and entered judgment accordingly. [ECF No. 440.] This

judgment was not appealed by Defendant. Plaintiffs accordingly request this Court order $17,203.75 be disbursed to Plaintiffs from the funds previously deposited by Defendants with the Court.

**II.    Attorneys' Fees and Cost Incurred After September 11, 2019.**

27.    Plaintiffs have also incurred substantial attorneys' fees since September 11, 2019 in the continued, successful prosecution of their claim against Defendant by FMJ, Kristen Galles, and Van Dyck Law (the firm owned by former FMJ attorney Sharon Van Dyck.)

28.    Attached hereto as Exhibit D is an itemized invoice that reflects time incurred for FMJ's legal work on behalf of Plaintiffs after September 11, 2019. This invoice contains the time entries that were prepared on a monthly basis. The invoice contains a description of each item of work performed, the date on which it was performed, the amount of time spent on each item of work, the identity of the lawyer or legal assistant performing the work, and the hourly rate charged for the work performed.

29.    I have reviewed the billing records attached as Exhibit D and find them to be true and accurate. The services reflected therein were performed for the clients' benefit, were necessary for their proper representation, and were reasonably expended. All charges for unnecessary or duplicative work which FMJ has performed have been eliminated.

30.    FMJ is not seeking any fees related to its First Motion for Contempt (for which fees were separately awarded and not appealed), its unsuccessful Second Motion for Contempt, work related to its unsuccessful opposition to Defendants' motion to

dissolve the injunction with respect to participation opportunities based on triple counting, and other miscellaneous, non-recoverable work performed. Where possible, entries for non-recoverable time have been removed from Exhibit D in their entirety. In instances when a given entry includes both recoverable and non-recoverable work, the time listed for that entry has been reduced commensurate with the time spent on non-recoverable work and a notation of that reduction has been included in the entry.

31.    FMJ has voluntarily removed from Exhibit D $31,908.50 in fees related to the First Contempt Motion, $21,931.60 in fees related to the Second Contempt Motion, and $28,777.10 in fees related to its losing arguments with respect to triple counting and other unrecoverable matters, for a total of $88,617.20 in fee reductions relative to work performed since September 11, 2019.

32.    The primary FMJ timekeepers who worked on this matter after September 11, 2019 for FMJ were Donald Chance Mark, Jr. (shareholder) ("DCM"), Tyler P. Brimmer (shareholder) ("TPB"), Adina R. Florea (former associate) ("ARF"), Yvonne M. Viehman (former paralegal) ("YMV"); Brandon A. Carmack ("BAC") (former associate), and Cody J. Blades ("CJB") (associate). Attached hereto as Exhibit E are biographies for Mr. Carmack (as of the time of his departure from FMJ) and Cody Blades.

33.    The hourly billing rates for these individuals are as follows for time performed after September 11, 2019:

| Timekeeper | Rate 2019 | Rate 2020 | Rate 2021 | Rate 2022 |
|------------|-----------|-----------|-----------|-----------|
| DCM | $395 | $395 | $395 | $395 |
| TPB | $345 | $345 | $345 | $345 |
| ARF | $305 | 305 | N/A | N/A |
| YMV | $220 | $220 | N/A | N/A |
| BAC | N/A | N/A | $235 | $235 |
| CJB | N/A | N/A | $275 | $275 |

34.    As set forth in detail in Exhibit A, FMJ's attorneys were involved in every aspect of this case after September 11, 2019, including substantial efforts to track Defendants' ongoing compliance with the Court's injunction, gather facts and data to submit to the Court as part of Defendants' periodic reporting requirements, opposing Defendants' appeal before the Eighth Circuit Court of Appeals, participating in complex post-appeal motion practice, preparing this motion, and continuing to gather information necessary for the Court to monitor Defendants' Title IX obligations.

35.    Plaintiffs accordingly request payment of their attorneys' fees for work performed by FMJ after September 11, 2019 in the amount of $334,101.50 as reflected in Exhibit D.

36.    FMJ also incurred $5,265.02 in additional costs in connection with its representation after September 11, 2019.  Attached hereto as Exhibit F is an itemization of these non-taxable costs incurred by FMJ, as well as documents evidencing those costs.

37.    In light of the court's prior ruling regarding the recoverability of certain expert witness and legal research costs, FMJ has voluntarily removed $13,141.77 in such costs from Exhibit F.  The only costs sought are those of the type which this Court has already found recoverable.  Plaintiffs accordingly request payment in the amount of $5,265.02 in additional costs.

38.     Attached hereto as Exhibit G is a true and correct copy of a 2018 Minnesota Lawyer listing the hourly rates for the largest law firms in Minnesota, which was previously submitted to the Court as part of Plaintiffs' initial fee motion.

39.     Attached hereto as Exhibit H is a true and correct copy of excerpts from a 2015-2016 United States Consumer Law Attorney Fee Survey Report, which as previously submitted to the Court as part of Plaintiff's initial fee motion.

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Signed in Hennepin County, Minnesota.


Dated:  September 30, 2022                         _____*s/ Donald Chance Mark, Jr.*_____
                                                              Donald Chance Mark, Jr.