UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXIE PORTZ, JILL KEDROWSKI, ABIGAIL KANTOR, MARILIA ROQUE DIVERSI, FERNANDA QUINTINO DOS SANTOS, MARIA HAUER, HALEY BOCK, KAITLYN BABICH, ANNA LINDELL, and KIERSTEN ROHDE, *individually and on behalf of all those similarly situated*, | Civil No. 16-1115 (JRT/LIB) <br><br> **ORDER AND MEMORANDUM ON PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS** |
| Plaintiffs, | |
| v. | |
| ST. CLOUD STATE UNIVERSITY and MINNESOTA STATE COLLEGES AND UNIVERSITIES, | |
| Defendants. | |

Cody Blades, Donald Chance Mark, Jr., and Tyler P. Brimmer, **FAFINSKI MARK & JOHNSON PA,** 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344; Sharon L. Van Dyck, **VAN DYCK LAW FIRM, PLLC**, 5775 Wayzata Boulevard, Suite 700, Saint Louis Park, MN 55416, for plaintiffs.

Elizabeth C. Kramer and Kevin A. Finnerty, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55101, for defendants.

Plaintiffs have filed a Renewed Motion for attorney's fees and costs. After considering the reasonableness of the attorney's hourly rates, expended hours, and the additional time incurred briefing the present motion, the Court will award $1,760,683.98

in reasonable attorney's fees and $19,770.37 in costs. The Court will also order disbursement of previously tendered taxable costs totaling $17,203.75.

## BACKGROUND

**I.     FACTS**

Plaintiffs are female student-athletes who attend or recently attended St. Cloud State University ("SCSU") and were members of SCSU's varsity intercollegiate women's tennis or women's Nordic skiing teams.  *Portz v. St. Cloud State Univ.* ("*Portz I*"), 401 F. Supp. 3d 834, 840 (D. Minn. 2019), *aff'd in part, vacated in part, rev'd in part*, 16 F.4th 577 (8th Cir. 2021).  Plaintiffs represent a class certified as "all present, prospective, and future female students at [SCSU] who are harmed by and want to end [SCSU's] sex discrimination in: (1) the allocation of athletic participation opportunities . . . and (3) the allocation of benefits provided to varsity athletes."  *Id*. at 841.  SCSU is a university in the MNSCU system.  *Id*. at 840.

After a bench trial in November and December of 2018, the Court entered an Order finding that SCSU had not complied with Title IX in its allocation of athletic participation opportunities and treatment and benefits, dating back to at least 2014.  *Id.* at 869.  The Court entered a permanent injunction, requiring that:

> a. SCSU must take immediate steps to provide its female students with an equitable opportunity to participate in varsity intercollegiate athletics. SCSU must:

      i.    Maintain the women's tennis and Nordic skiing teams at a level of support comparable to other SCSU teams within the same tier of support, as long as there is sufficient interest and ability to maintain the women's tennis and Nordic skiing teams, and take other immediate steps to narrow the participation gap; or

      ii.    Otherwise take other steps to narrow the participation gap if the women's tennis and/or Nordic skiing teams are no longer viable varsity teams.

b. SCSU must take immediate steps to provide its female athletes with equitable athletic-related treatment and benefits at every tier of its athletic department. SCSU must:

      i.    Take immediate steps to permanently improve the practice and competitive facilities of its women's sports teams to create equity between SCSU's women's and men's teams, specifically, by promptly completing renovations on Selke Field and the women's Nordic ski team room, among other improvements to the women's facilities;

      ii.    Take immediate steps toward eliminating the inequity stemming from the unequal distribution of women and men's participation opportunities among the tiers of support; and

      iii.    Take immediate steps toward eliminating other inequities between the male and female teams' locker rooms.

c. SCSU's actions must be reasonably calculated to achieve full compliance with Title IX in a reasonable period of time.

*Id.* at 869–70. SCSU was then required to file six-month reports updating the Court on its progress. Thereafter, Plaintiffs moved for attorney's fees and costs and the Court awarded Plaintiffs reasonable attorney's fees totaling $1,154,778.98, non-taxable costs totaling $16,663.92. (Pls.' 1st Mot, Att'y Fees, Aug. 13, 2019, Docket No. 384; *Portz v. St.*

*Cloud State Univ. (Portz II)*, No. 16-1115, 2020 WL 335272, at *5 (D. Minn. Jan. 21, 2020), *vacated*, 16 F.4th 577 (8th Cir. 2021)).  Further, the Court awarded Plaintiffs taxable costs totaling $17,203.75.  (Cost Judgment, Jan. 30, 2020, Docket No. 440.)

SCSU appealed the Court's issuance of a permanent injunction and corresponding Judgment.  (Notice of Appeal as to Findings of Fact & Conclusions of Law, Sept. 3, 2019, Docket No. 391.)  SCSU separately appealed the Court's Order awarding attorney's fees and non-taxable costs.  (Notice of Appeal as to Judgment, Feb. 18, 2020, Docket No. 456.)  These appeals were consolidated.

Before the Eighth Circuit issued its ruling on the consolidated appeals, Plaintiffs sought a finding of civil contempt against SCSU for violating the Court's Preliminary Injunction.  (Pls.' 1st Mot. Contempt, Oct. 4, 2019, Docket No. 409.)  On January 24, 2020, Plaintiffs filed a second motion for contempt.  (Pls.' 2nd Mot. Contempt, Jan. 24, 2020, Docket No. 436.)  The Court granted the first motion, denied the second, and ordered SCSU to pay $20,000 in compensatory damages.  *Portz v. St. Cloud State Univ.* ("*Portz III*"), 470 F. Supp. 3d 979, 993 (D. Minn. 2020).[1]  After prevailing on their first motion for contempt, Plaintiffs moved for payment of their reasonable attorneys' fees and costs.  (Pls.' 2nd Mot, Att'y Fees, July 20, 2020, Docket No. 481.)  The Court granted in part and

---

[1] The Court held that SCSU denied or restricted access to financial, institutional, staffing, and/or facilities support for the women's tennis and Nordic skiing teams in violation of the temporary injunction and awarded Plaintiffs $20,000 in compensatory damages.  *Portz III*, 470 F.Supp.3d at 982.  The Court denied Plaintiffs' second motion for contempt on the grounds that SCSU's decision to eliminate the women's golf team was a form of permissible restructuring and was not prohibited by the Court's permanent injunction.  *Id.*

denied in part Plaintiffs' motion, awarding Plaintiffs $32,126.64 in reasonable attorney's fees and costs. *Portz v. St. Cloud State Univ.* ("*Portz IV*"), No. 16-1115, 2020 WL 6119960, at *1 (D. Minn. Oct. 16, 2020).[2]

The Eighth Circuit issued its opinion on the consolidated appeals on October 28, 2021, affirming in part, vacating in part, reversing in part, and remanding. *Portz v. St. Cloud State Univ.* ("*Portz 2021*"), 16 F.4th 577, 585 (8th Cir. 2021). The Eighth Circuit held that the Court's factual finding that SCSU operates its athletics program using a tier system was not clearly erroneous, nor did the Court err in concluding that SCSU violated Title IX by failing to provide equitable opportunities for men and women. *Id.* at 582–83. However, the Eighth Circuit found that the Court did err in two meaningful ways in its treatment and benefits analysis. *Id.* at 583. First, the Eighth Circuit held that the Court incorrectly relied upon SCSU's tiering system in its conclusion that SCSU failed to allocate equitable benefits and treatments in the athletic program. *Id.* at 583–84. Specifically, the Eighth Circuit stated that Title IX requires a "holistic examination" of treatment and benefits across the entire program, not just the allocation of those benefits among the tiers. *Id.* at 583. Thus, the Eighth Circuit found that the Court erred by requiring the University to provide equitable treatment and benefits "among the tiers of support," and by mandating steps toward eliminating the unequal distribution of "participation opportunities among the tiers." *Id.* at 584.

---

[2] SCSU did not appeal this order granting Plaintiffs attorney's fees and non-taxable costs.

Second, the Eighth Circuit held that the Court erred by not sufficiently reviewing the evidence related to the women's volleyball team, and by failing to mention evidence related to that team in its treatment-and-benefits analysis. *Id.* at 584. The Eighth Circuit affirmed in part and reversed in part the Court's Order, reversing the Court's conclusion regarding treatment and benefits, and remanding for further proceedings not inconsistent with its opinion. *Id.* at 585. The Eighth Circuit vacated the injunction as it related to treatment and benefits and to the extent it required equity in participation opportunities among tiers. *Id.* The Eighth Circuit also vacated the award of attorney fees and costs. *Id.*

After the Eighth Circuit's decision, Defendants filed a motion to dissolve the permanent injunction and the Plaintiffs filed a motion to modify the permanent injunction. (Defs.' Mot. Dissolve Injunction, Nov. 19, 2021, Docket No. 532; Pls.' Mot. Modify Injunction, Jan. 14, 2022, Docket No. 541.) The Court dissolved the permanent injunction in part, because SCSU was in full compliance with Title IX in the provision of athletic participation opportunities. *Portz v. St. Cloud State Univ.* ("*Portz V*"), No. 16-1115, 2022 WL 4095912, at *1 (D. Minn. Sept. 7, 2022).

However, the Court reinstated the permanent injunction in part because SCSU failed to show full compliance with Title IX in the provision of treatment and benefits, specifically in its travel/per diem policies. *Id.* The Court further instructed Plaintiffs to file a renewed motion for attorney's fees and costs. *Id.* The parties filed an order stipulating

a proposed briefing schedule for the motion for attorney's fees, agreeing the motion would be decided without a hearing. (Proposed Order, Sept. 16, 2022, Docket No. 583.)

**DISCUSSION**

**I. STANDARD OF REVIEW**

The Court may, in its discretion, allow a prevailing plaintiff "a reasonable attorney's fee as part of the costs" in a successful Title IX case. 42 U.S.C. § 1988. The fee applicant has the burden of establishing entitlement to an award of fees and costs, but the district court enjoys broad discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts generally begin by determining the "lodestar," which is calculated by multiplying a reasonable hourly billing rate by a reasonable number of hours worked; the Court must then exclude hours that were not "reasonably expended." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. An award of fees under 42 U.S.C. § 1988 also entitles Plaintiffs to the reasonable out-of-pocket expenses normally charged to clients by attorneys. *Pinkham v. Camex, Inc.,* 84 F.3d 292, 294–95 (8th Cir. 1996).

## II. ANALYSIS OF ATTORNEY'S FEES

Because Plaintiffs' entitlement to fees and costs was established in the Original Permanent Injunction Order and the Court understands the Eighth Circuit's vacating of the attorney's fees award as to only the calculation of the amount, *see Portz V*, 2022 WL 4095912, at *11, the Court will decide what award amount is reasonable. The parties do not dispute Plaintiffs' entitlement to some attorney's fees and costs on the prevailing claims. The parties do disagree, however, on the reasonableness of the fees Plaintiffs seek.

Plaintiffs assert that they have prevailed before trial, at trial, on appeal, and on remand, and that they are entitled to their reasonable fees and costs, and that this Court's prior ruling to this effect is proper. Further, Plaintiffs provide that they have incurred additional fees supporting the present motion that are reasonable, necessary, and should be awarded. Defendants, for their part, argue that the fees and costs previously awarded, while a good starting point for analysis, should ultimately be reduced due to the significant reduction of the number of treatment-and-benefits components found to be inequitable, as well as the severity in disparity, and because the Eighth Circuit rejected Plaintiff's position on the injunction's requirements for equity among the tiers. Defendants assert that the additional fees are not reasonable because Plaintiffs have largely not prevailed on appeal and on post-trial proceedings, nor are they recoverable given the time spent on irrelevant, unsuccessful, and/or unnecessary work.

A. **Fees and Costs Previously Awarded**

The Court previously awarded $1,154,778.98 in attorney's fees and $16,663.92 in costs, *Portz II*, 2020 WL 335272 at *5, after it found a violation concerning SCSU's allocation of participation opportunities and for violating its allocation of treatment and benefits with respect to (1) equipment and supplies; (2) travel/per diem; (3) medical services; and (4) locker rooms, practice facilities, and competitive facilities. *Portz I*, 401 F. Supp. 3d at 860–62, 867. The Court also agreed with Plaintiffs that SCSU was required to allocate its participation opportunities and treatment and benefits among the tiers. *Id.* at 870. The Eighth Circuit affirmed the findings related to participation opportunities, but vacated the injunction related to treatment and benefits and the injunction to the extent it incorporated tiering requirements into the allocation of participation opportunities. *Portz 2021,* 16 F.4th at 585. Upon remand, the Court held that the permanent injunction was to be dissolved in part because SCSU had come into in compliance with Title IX as it relates to participation opportunities, but that the permanent injunction was to be reinstated in part regarding one treatment and benefits component—that SCSU failed to demonstrate that travel and per diem allowances are equitable. *Portz V*, 2022 WL 4095912 at *6–9.

The Eighth Circuit's order offered no explanation or analysis for vacating the Court's previous award of attorney's fees. *Portz 2021*, 16 F.4th at 585. However, the Court understands that the vacation of the prior award was done **in light of** the Eighth

Circuit vacating part of the permanent injunction. *Id.* As a result of the remand, the Eighth Circuit anticipated that the Court's determination on treatment and benefits may change, and thus the amount of attorney fees and costs may also change. Vacating the award of fees and costs provided the Court the discretion needed to award the appropriate amount.

The Court's original order on attorney's fees and costs took into account Plaintiffs' success on both participation opportunities and treatment and benefits. *Portz V*, 2022 WL 4095912, at *10. The Court also previously deducted from Plaintiff's initial motion fees and costs that were ultimately unsuccessful, for expert fees, and for work considered excessive, unnecessary and/or redundant. *See generally Portz II.* On appeal, the Eighth Circuit upheld the Court's conclusion that SCSU violated Title IX by failing to provide equal athletic participation opportunities to its female students. Thus, it is clear that Plaintiffs prevailed on this claim. On remand, Plaintiffs still prevailed as to treatment and benefits, so the permanent injunction was reinstated as to treatment and benefits because SCSU failed to demonstrate that travel and per diem allowances are equitable. Contrary to Defendants' assertion that the original award should be reduced because of the reduction on the treatment-and-benefits components, when a plaintiff has obtained excellent results, the Court should not reduce an attorney's fees award "simply because the

plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435.[3]

The Court is satisfied that Plaintiffs obtained "excellent results" or success in this action, based on the institution of the permanent injunction with respect to the athletic participation opportunities claim and the treatment and benefits claim. That the Eighth Circuit vacated the injunction related to treatment and benefits and the injunction to the extent it incorporated tiering requirements into the allocation of participation opportunities does not change the result. This is because, on remand, Plaintiffs still prevailed on their treatment and benefits claim, even though there was a reduction in the number of components found inequitable. The Court considers a party to be "prevailing" in litigation for attorney's fees purposes where they succeed "on any significant issue in

---

[3] Likewise, SCSU's arguments that the fees should be reduced due to Plaintiffs' failure to engage in settlement negotiations, fees for Kristen Galles as an expert, and engagement in investigations of the Defendants are unavailing. The Court has previously evaluated these arguments and determined they are without merit. *See Portz II*, 2020 WL 335272 at *2. Because nothing in the Eighth Circuit's opinion changes this Court's previous analysis as to these arguments, they will not be reevaluated here. Additionally, SCSU argues that Plaintiffs' fees should be reduced because of a failure to accept Federal Rule of Civil Procedure 68 offer for judgment. Fed. R. Civ. P. 68(d) (requiring an offeree to pay the costs incurred after a Rule 68 offer is made only when the judgment obtained "is not more favorable" than the unaccepted offer). SCSU fails to establish that their two offers—one keeping all the women's teams existing through 2023 and covering $200,00 in costs and the other doing the same but covering an amount determined by the Court—were more favorable to Plaintiffs ultimate recovery. Notably, the judgment ordered SCSU to take certain actions that were not offered in the Rule 68 offer. Moreover, while undoubtedly the retention of the women's golf team would have been a welcomed benefit to those members, the equitable relief obtained through judgment was more favorable to Plaintiffs ultimate recovery, a membership that extends to all women in sports at the university.

litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* at 433. Plaintiffs thus remain the prevailing party on a significant issue and the previously awarded attorney's fees and costs continue to be reasonable and will be reinstated.

### B. Fees Incurred Post-Judgment

Plaintiffs request $584,141.50 in additional fees incurred post-judgment. Defendant's claim this amount is excessive and should be substantially reduced, but they point to no specific fees that should be reduced. In the Plaintiffs' reply brief, they request an additional $36,981.50 in fees incurred supporting the renewed motion for attorney's fees, bringing the total request to $621,123.00.

The Court begins its analysis by calculating a lodestar value by multiplying the reasonable hours by a reasonable rate. *Hensley*, 461 U.S. at 433. Rates used in calculating attorney's fees post-judgment were previously deemed reasonable and not appealed. *Portz II*, 2020 WL 335272 at *2. In their opposition brief, Defendants similarly do not challenge the reasonableness of the rates. The rates presented post-appeal for attorneys at Fafinski Mark & Johnson remained the same or were less than previously deemed reasonable, with a maximum fee of $395/hour. The fees for attorneys at Van Dyck Law Firm increased slightly—reaching a maximum fee of $450/hour. Plaintiffs met their burden by presenting evidence of market rates of $695/hour and $775/hour in 2015-2016, which are well above the maximum requested by the attorneys in this litigation. The Court finds the requested rates to be reasonable.

Defendants broadly claim that the attorney's fees requested were excessive, duplicative, and irrelevant. Plaintiffs, as the fee applicants, carry the burden to present sufficient evidence of their fees. *Hensley*, 461 U.S. at 437. Plaintiffs also must make a good faith effort to exclude any fees that were not reasonable, are duplicative, or unrelated to successful claims. *Id.* at 434–35. The district court ultimately has the discretion to determine the amount of fees awarded to the prevailing party. *Id.* at 436–37. Plaintiffs have shown that in their request for fees incurred post-judgment they do not seek fees related to the motions for contempt, work related to their partly unsuccessful opposition to Defendant's motion to dissolve the injunction, and have made significant fee reductions for other miscellaneous, non-recoverable work. (Decl. Donald C. Mark ("Mark Decl.") ¶ 30, Ex. A, Sept 30, 2022, Docket No. 587.) Fees related to work in which Plaintiffs did not prevail, including work related to duplicative counting and advocating the use of tiering, were eliminated. (Decl. Sharon L. Van Dyck "Van Dyck Decl.") ¶¶ 12–14.) Because the services for which fees are requested reflect hours reasonably expended, and because Plaintiffs engaged in a good faith effort to reduce the fees in alignment with the Court's previous orders, the Court finds the post-appeal fees requested in the current renewed motion for attorney's fees to be reasonable and will award 100% of those fees.

Plaintiffs' request for an additional $36,981.50 in fees in their reply brief amounts to the following: Fafinski Mark & Johnson requests $10,243.50 for work completed after

the filing of the initial renewed motion for fees and costs on September 30, 2022. These fees are billed at the same rate previously found reasonable and the Court will award 100% of those fees. Van Dyck Law Firm requests $26,685.00 in additional fees for work completed on the initial motion, filed on September 30, 2022, and on the reply brief, filed on October 24, 2022. The Declarant explains that the reports for fees for work completed on the initial motion were "unavailable" at the time of filing. (Supp. Decl. Sharon L. Van Dyck ("Van Dyck Decl.") ¶ 4, Oct, 23, 2022, Docket No. 595.) Without more about why these fees were initially unavailable, the Court finds that explanation unsatisfactory. Moreover, Fafinski Mark & Johnson included the fees for time spent prior to the filing of the initial motion, showing that fees for this work were available at least as to this firm. As such, it would be unreasonable to impose those fees on the Defendants without any opportunity to respond and no reasonable explanation. The Court will thus reduce the additional fee request by $15,218, those incurred before September 30, 2022, and award $21,763.50 for fees incurred preparing this renewed motion for attorney's fees, bringing the total post-judgment fee award to $605,905.00.

### C. Analysis of costs incurred post-judgment

Plaintiffs made an initial request for an additional $5,265.02 in non-taxable costs incurred post-judgment. Defendants argue that Plaintiffs submitted insufficient documentation of additional costs incurred and that Plaintiffs submitted documentation of costs incurred before the appeal without explanation. The Court agrees with respect

to pre-appeal costs. However, in their response Plaintiffs noted the inclusion of duplicate pre-appeal costs and have since reduced their demand by $1,937.55. Moreover, based on directives of the Court in its previous order awarding fees regarding recoverability of expert witnesses and legal research costs, Plaintiffs have removed significant portions of their fees relating to these costs. (Mark Decl. ¶ 37, Ex. F); *Portz II*, 2020 WL 335272 at *5. Thus, the Court is satisfied that the duplicate costs have been eliminated.

Defendants further argue that Plaintiffs should not be able to recover the $221 Eighth Circuit admission cost for Adina R. Florea. While listed on the briefs at the Eighth Circuit, Florea did not sign the briefs and has since been terminated as counsel of record. It would therefore be unreasonable to impose Florea's admission cost on the Defendants. Thus, the Court will exclude $2,158.57 from Plaintiff's initial request—the duplicative pre-appeal costs and the admission fee for Florea—and award a total of $3,106.45 in additional post-judgment costs.

### III.    TAXABLE COSTS

Defendants previously tendered $17,203.75 in taxable costs to the Court. As Defendants did not appeal this decision and do not address it in their briefs, Plaintiffs are entitled to disbursement of these funds.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney's Fees and Costs [Docket No. 585] is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiffs' Attorney's Fees and Costs in the amount of $1,171,442.90 previously awarded will be reinstated.

2. Plaintiffs will be awarded an additional $609,011.45 in Attorney's Fees and Costs.

3. The Court will disburse to Plaintiffs previously tendered taxable costs in the amount of $17,203.75.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 30, 2023
at Minneapolis, Minnesota.

*John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge