UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ALEXIE PORTZ, JILL KEDROWSKI, ABIGAIL KANTOR, MARILIA ROQUE DIVERSI, FERNANDA QUINTINO DOS SANTOS, MARIA HAUER, HALEY BOCK, KAITLYN BABICH, ANNA LINDELL, AND KIERSTEN ROHDE, *individually and on behalf of all those similarly situated,* | Civil No. 16-1115 (JRT/LIB)<br><br>MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES |
| Plaintiffs, | |
| v. | |
| ST. CLOUD STATE UNIVERSITY and MINNESOTA STATE COLLEGES AND UNIVERSITIES | |
| Defendants. | |

---

Donald Chance Mark, Jr. and Jamie Pahl Briones, **FAFINSKI MARK & JOHNSON PA,** 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344; Sharon L. Van Dyck, **VAN DYCK LAW FIRM, PLLC**, 2600 Monterey Avenue South, Saint Louis Park, MN 55416, for Plaintiffs.

Elizabeth C. Kramer, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55101; and Joseph D. Weiner, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for Defendants.

Plaintiffs brought this action against Defendants St. Cloud State University ("SCSU") and Minnesota State Colleges and University ("MNSCU"), alleging gender discrimination in SCSU's past and present allocation of athletic opportunities, treatment, and benefits for female student-athletes in violation of Title IX of the Education

Amendments Act of 1972. Finding SCSU in violation of Title IX, the Court entered a permanent injunction. Recently, having determined that SCSU was in full compliance with Title IX, the Court dissolved the permanent injunction. Plaintiffs have now filed a final motion for attorneys' fees incurred between February 2023 through the dissolution of the injunction. Because Plaintiffs remain the prevailing parties, and the fees are reasonable, the Court will award Plaintiffs $51,747.00 in reasonable attorneys' fees.

## BACKGROUND

The facts of this case have been extensively described in the Court's prior orders. *Portz v. St. Cloud State Univ.* ("*Portz I*"), 401 F. Supp. 3d 834, 840–54 (D. Minn. 2019), *aff'd in part, rev'd in part, vacated in part*, 16 F.4th 577 (8th Cir. 2019) ("*Portz II*"); *Portz v. St. Cloud State Univ.* ("*Portz III*"), No. 16-1115, 2022 WL 4095912, at *1–4 (D. Minn. Sept. 7, 2022).

This case originated with a group of female athletes at SCSU challenging athletic participation opportunities and benefits under Title IX. *Portz III*, 2022 WL 4095912, at *1. After a bench trial, the Court issued a permanent injunction requiring SCSU to comply with Title IX by amending its policies to make participation, treatment, and benefits for female athletes equitable. *Id.* at *2. As part of the injunction, SCSU was required to file six-month updates with the Court. *Id.* The Court also awarded Plaintiffs $1,154,778.98 in reasonable attorneys' fees, $16,663.92 in non-taxable costs, and $17,203.75 in taxable costs. *Portz v. St. Cloud State Univ.* ("*Portz IV*"), No. 16-1115, 2023 WL 3721665, at *1 (D. Minn. May 30, 2023).

Defendants appealed the permanent injunction, and the Eighth Circuit vacated the Court's injunction on treatment and benefits. *Portz III*, 2022 WL 4095912, at *2. In response to the Eighth Circuit's ruling, Defendants moved to dissolve the injunction. *Id.* at *1. The Court found SCSU to be in compliance with Title IX's athletic participation opportunities provision but not with Title IX's provision of treatment and benefits. *Id.* at *1, 5–10. The Court reinstated the permanent injunction on treatment and benefits and required six-month reports from SCSU. *Id.* at *10–11. The Court also reinstated its award for attorneys' fees and costs and awarded an additional $609,011.45 in attorneys' fees and costs. *Portz IV*, 2023 WL 3721665, at *6.

SCSU filed compliance reports every six months, beginning in February 2023. *Portz v. St. Cloud State Univ. ("Portz V")*, No. 16-1115, 2024 WL 3823106, at *2 (D. Minn. Aug. 14, 2024). In response to SCSU's February 2023 report, Plaintiffs informed the Court of concerns they had with SCSU's assertions of compliance. (Resp. to Sixth Report, May 4, 2023, Docket No. 600.)

Shortly after filing the August 2023 report, Defendants filed a motion for relief from judgment, asking the Court to dissolve the remaining permanent injunction. (Mot. Relief from J., Sept. 14, 2023, Docket No. 612.) Plaintiffs opposed dissolution of the injunction and argued that while SCSU had made progress toward compliance, a full year of data supporting compliance was lacking, and thus the motion was premature. (Pls.' Mem. Opp'n Mot. Relief from J. at 1–3, Oct. 5, 2023, Docket No. 618.)

Before the Court issued a decision on Defendants' motion for relief from judgment, SCSU filed the February 2024 report, so the Court ordered the parties to file updated positions based on that most recent report. (Order, Mar. 26, 2024, Docket No. 624.) The parties complied with the Court's order; Defendants maintained their position that the injunction could be dissolved, but Plaintiffs presented outstanding and new concerns. (Pls.' Letter to District Judge at 1–2, 5, Defs.' Letter to District Judge at 1, Apr. 10, 2024, Docket Nos. 626, 627.)

After oral argument on Defendants' motion for relief from judgment, the Court required additional briefing by the parties. (Order, May 17, 2024, Docket No. 633.) SCSU filed updated data and Plaintiffs responded. (Defs.' Letter to District Judge, June 7, 2024, Docket No. 636; Pls.' Letter to District Judge ("Pls.' June 21, 2024, Letter"), June 21, 2024, Docket No. 637.) In their June 21, 2024, letter, Plaintiffs raised additional concerns about the women's softball facilities. (Pls.' June 21, 2024, Letter at 5–6.) Plaintiffs' concerns about the women's softball facilities resulted in another round of updates by the parties. (Letter to District Judge, July 19, 2024, Docket No. 639; Letter to District Judge, July 25, 2024, Docket No. 641.)

The Court again heard from the parties at a status conference, and SCSU submitted yet another letter providing documentation on the women's softball facilities. (Minute Entry, Aug. 6, 2024, Docket No. 646; Letter to District Judge, Aug. 9, 2024, Docket No.

-4-

643.) The Court then issued an order dissolving the injunction. *Portz V*, 2024 WL 3823106, at *7.

Plaintiffs now request reasonable attorneys' fees incurred between SCSU's February 2023 report and the dissolution of the injunction on August 14, 2024, in the amount of $51,747.00. (Pls.' Final Mot. Att'y Fees at 1–2, Aug. 28, 2024, Docket No. 647.)

## DISCUSSION

### I. STANDARD OF REVIEW

The Court may, in its discretion, allow a prevailing plaintiff "a reasonable attorney's fee as part of the costs" in a successful Title IX case. 42 U.S.C. § 1988(b). The fee applicant has the burden of establishing entitlement to an award of fees and costs, but the district court enjoys broad discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts generally begin by determining the "lodestar," which is calculated by multiplying a reasonable hourly billing rate by a reasonable number of hours worked; the Court must then exclude hours that were not "reasonably expended." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440.

### II. ANALYSIS

The Court has previously determined Plaintiffs to be the prevailing party in this case, as evidenced by their excellent success in bringing change to SCSU's athletic programs. *Portz IV*, 2023 WL 3721665, at *5; *see also Buckhannon Bd. & Care Home, Inc.*

*v. W. Va. Dept. of Health & Hum. Res.*, 532 U.S. 598, 604 (2001) (defining prevailing party as one who receives a judgment on the merits or a court-ordered consent decree that creates a "material alteration of the legal relationship of the parties" (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)). Now the parties dispute whether Plaintiffs remain the prevailing parties despite the Court's recent dissolution of the outstanding permanent injunction.

A previously identified prevailing party maintains that status when litigating later issues that are "inextricably intertwined with those on which the plaintiff prevailed in the underlying suit." *Cody v. Hillard*, 304 F.3d 767, 773 (8th Cir. 2002). Courts determine prevailing party status anew if the post-judgment activity is akin to a "new, separate lawsuit." *Jenkins by Jenkins v. State of Missouri*, 127 F.3d 709, 716–17 (8th Cir. 1997).

Plaintiffs unquestionably prevailed when the injunction was imposed, and the efforts in opposing its dissolution were inextricably intertwined with that prior success.

But Defendants suggest that even inextricably intertwined post-judgment activity must also result in some measure of success.[1] SCSU relies on *All. to End Repression v. City of Chicago* ("*Alliance*"), 356 F.3d 767 (7th Cir. 2004) to support its position that when post-

---

[1] Defendants also argue that Plaintiffs have not offered any explanation for why they previously excluded fees for a partly unsuccessful opposition to Defendants' first motion to dissolve the injunction but now seek attorneys' fees for a wholly unsuccessful opposition to Defendants' second motion to dissolve the injunction. However, as detailed below, the Court does not find Plaintiffs' efforts in opposing Defendants' second motion to dissolve the injunction unsuccessful, so Defendants' argument that Plaintiffs' position is inconsistent is unfounded.

judgment litigation is a total loss, attorneys' fees are not recoverable.  The *Alliance* plaintiffs sought attorneys' fees for two decades of post-judgment monitoring (which had specifically been vested in a third party) of a consent decree that had become obsolete. 356 F.3d at 772–74.  The *Alliance* court determined that plaintiffs' opposition "gained the class nothing."  *Id.* at 774.

Notwithstanding the fact that *Alliance* is not binding on the Court, it is also not instructive.  Here, the Court often required Plaintiffs to respond to SCSU's assertions of compliance despite not being tasked with any monitoring duties.  Additionally, Plaintiffs' continued efforts here did benefit the class.  Instead, Plaintiffs opposed dissolution of the injunction until sufficient data had been accumulated and sufficient evidence had been presented to satisfy the Court of SCSU's compliance with Title IX.  In a technical sense, Plaintiffs "lost" the last motion when the Court dissolved the injunction.  But dissolution of the injunction was always the goal of the Plaintiffs because it meant full compliance with Title IX.  In the Court's view, dissolution of the injunction is the ultimate success. Because the post-judgment work did not strip Plaintiffs of their prevailing party status, reasonable attorneys' fees are appropriate.

Because Defendants only challenged the availability of attorneys' fees and not the reasonableness of the fees, the Court finds the requested attorneys' fees reasonable and will award the full amount.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Final Motion for Attorney Fees [Docket No. 647] is **GRANTED** and Plaintiffs are awarded $51,747.00[2] in reasonable attorneys' fees.

DATED: February 27, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[2] Plaintiffs requested $51,747.00 in their motion but $51,747.50 in their memorandum. Because the Court believes the number in the memorandum to be a typographical error, it will rely on the amount requested in the motion.